76901. HOLLOWAY v. THE STATE.
(371 SE2d 259)

DEEN, Presiding Judge.

Ulysses Holloway was granted an out-of-time appeal by the trial court from his convictions of rape, two counts of aggravated child molestation and burglary.

The evidence showed that the twelve-year-old victim was in Savannah, Georgia, with her family on August 1, 1986, to attend a religious meeting. The family and other participants in the meeting were staying in a motel, and the victim and her nine-year-old sister were staying in a room next to their parents' room. About 2:00 a.m. she heard a knock on her door and, believing it to be her father because the family was planning to leave for home early in the morning, opened the door. Appellant forced his way into the room, pushed her against the wall, locked the door and ordered her to undress. She refused and he forcibly removed her clothing. He repeatedly raped the child while her sister slept on the next bed. When he finally fell asleep on top of her, she managed to escape from beneath him, waken her sister, and fled nude to her parents' room, where she screamed and beat upon the door to arouse them. The parents alerted other church members who were at the motel, and several men came to assist the victim's father gain entry to his daughter's locked motel room. The men forced the door open and found appellant lying face down, asleep on the victim's bed. At trial appellant was positively identified by four men who apprehended him. The victim's mother testified that he called their home from jail, admitted committing the offenses against her daughter, apologized and requested that charges be dropped.

1. Appellant first contends that the trial court erred in allowing into evidence a prior conviction of simple battery, a misdemeanor, as a similar transaction to the rape charge.

The State filed a notice of intent to use evidence of similar transactions, including the battery conviction. A hearing was conducted by the trial court outside the presence of the jury, and the court ruled the evidence was admissible. The evidence showed that the victim, who asked the defendant for a ride home, was transported by him out

of Chatham County to a nearby county, where he raped her before returning to Chatham County, where he attempted to rape her again. She was nude when she escaped and flagged down a police cruiser with her panties. Venue for the rape prosecution apparently did not lie in Chatham County, and the rape charge was eventually dismissed because of the venue problem.

Evidence of an independent crime is admissible if two conditions are satisfied: the defendant is shown to be the perpetrator of the independent crime, and there is a similarity between the independent crime and the offense charged such that proof of the former tends to prove the latter. *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983). Evidence of a similar crime is admissible to show identity, motive, plan, scheme, bent of mind, and course of conduct. *Head v. State*, 246 Ga. 360, 364 (271 SE2d 452) (1980). It is admissible to show the defendant's lustful disposition and to corroborate the victim's testimony. *Milner v. State*, 180 Ga. App. 97, 101 (348 SE2d 509) (1986). "[I]t is not essential for admissibility that the similar crime resulted in a conviction. [Cit.]" *Coalter v. State*, 183 Ga. App. 335, 337 (358 SE2d 894) (1987). The evidence of the similar crime was clearly admissible.

2. Appellant testified on his own behalf at trial and claimed that he was at the motel where the crimes occurred searching for a friend from whom he could borrow some money. He further claims that while he was there the victim called to him, and that he approached her and learned that she and her sister "wanted dope." He claims that some inexplicable force caused him to knock on her door, and when she opened it she insisted that he come inside. He testified that he could not remember subsequent events because of his intoxication. On cross-examination he repeatedly contradicted his testimony, and when confronted with his contradictory statements he either refused to answer questions, argued with the prosecutor, or spoke directly to the judge in a contemptuous manner. The prosecutor asked the court to impose contempt sanctions on him because of his behavior. After conferring with counsel, he continued to refuse to answer. The court *sua sponte* held: "Let the record show that the defendant refuses to answer questions on cross-examination, and for that reason, the court is going to strike all of his testimony." The prosecutor then requested the court to vacate its ruling, and the court agreed to do so if the State agreed to discontinue its cross-examination. The State ceased its examination of the defendant, and the court vacated its ruling. We therefore find no merit in appellant's contention that the court below erred in striking his testimony. Appellant's further contention that the court's action "inflamed the minds of the jurors" is without any support in the transcript and is not supported by argument or citation to authority. It is therefore deemed to be abandoned. Court of

Appeals Rule 15 (c) (2).

3. Contrary to appellant's assertion, the transcript shows that the court charged the jury as to the limited purpose for which evidence of similar transactions is admitted. Appellant also claims that limiting instructions should have been given to the jury at the time the evidence of the similar transactions was admitted into evidence.

As appellant made no request to charge, he was not entitled to a limiting instruction either at the time the evidence of the similar crimes was admitted into evidence or in the general charge. *Stevens v. State*, 167 Ga. App. 744 (3) (307 SE2d 535) (1983). The court, however, did give limiting instructions in its general charge, and we find no error.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 5, 1988.

*Kenneth H. Cail, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney,* for appellee.