## 76487. CONAWAY v. THE STATE.
### (373 SE2d 660)

POPE, Judge.

Kenneth Conaway appeals his convictions of statutory rape and child molestation.

1. Appellant contends the trial court abused its discretion in finding that the victim, his stepdaughter who was six years old at the time of trial, was competent to testify. During questioning by the court the young victim showed by her responses that she knew the difference between telling the truth and telling a lie; that she went to Sunday school and knew about God, who wanted people to tell the truth; and that she would tell the truth in court. "Under these circumstances, we find the requisites of *Smith v. State*, 247 Ga. 511, 512 [(277 SE2d 53) (1981)] satisfied and that the trial court did not abuse its discretion in finding the victim competent to testify. [Cits.]" *Westbrook v. State*, 186 Ga. App. 493, 494 (1) (368 SE2d 131) (1988). Accord *Taylor v. State*, 183 Ga. App. 314 (2) (358 SE2d 845) (1987); see also *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

2. Appellant enumerates as error six instances when statements of the victim made to other witnesses were admitted over objection into evidence. Appellant contends that because the child was not competent to testify she was not "available to testify" as required by OCGA § 24-3-16, and thus her out-of-court statements were inadmis-

sible. However, our finding that the trial court did not abuse its discretion in ruling the child competent to testify renders this enumeration moot. *Sosebee,* supra; *Westbrook,* supra; see also *Grier v. State,* 257 Ga. 539 (3) (361 SE2d 379) (1987). This enumeration affords no basis for reversal.

3. Appellant further complains of the trial court's allowing in evidence the testimony of his sister regarding a sexual assault he made against her. This testimony was offered by the State to show appellant's lustful disposition and attitude towards the female members of his family. As such it was properly admitted. *Smith v. State,* 182 Ga. App. 740 (1) (356 SE2d 723) (1987).

4. The evidence was sufficient for a rational trier of fact to conclude that the appellant was guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore the trial court did not err in denying appellant's motion for new trial on the general grounds.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 27, 1988.

*James R. McKay,* for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.