## 76688. IN THE INTEREST OF J. E. L. et al.
### (375 SE2d 490)

BENHAM, Judge.

The Department of Family & Children Services (DFCS) filed a

petition against the parents of J. E. L. III, a five-year-old boy, and T. M. L., a two-year-old girl, accusing them of child deprivation. See OCGA § 15-11-2. The petition was based on information that the children had been sexually abused by their father. After the trial court heard testimony on the issue, it found that the children were deprived and needed to be removed from their parents' home, and awarded temporary custody to the Houston County DFCS. The father, acting pro se, appeals the denial of his motion for new trial. We affirm.

1. Appellant contends that J. E. L.'s competency to testify at trial was not sufficiently shown, and therefore the videotape of his accusatory statements about the sexual abuse his father inflicted upon him and his sister should not have been admitted. Appellant also argues that the in-court testimony of the DFCS social worker and a psychologist who had interviewed the boy should have been excluded for the same reason, rather than be admitted under OCGA § 24-3-16. We disagree. "[T]he standard of competency of a child to be a witness . . . [is] 'not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court.' . . . Because the trial court has had the opportunity to observe the child during the competency examination and because such observation provides material indicia of competency (or the lack thereof) which this court cannot glean from a cold record, we will upset the ruling of competency only when the record clearly shows that the child was not competent as [previously] defined . . . [Cits.]" *Westbrook v. State*, 186 Ga. App. 493 (1) (368 SE2d 131) (1988). Although the victim here could not define the word "lie," he demonstrated that he knew the difference between truth and falsehood, and gave truthful answers to the questions posed to him by counsel. We also note that the trial court found that "the child did . . . well considering the demeanor of the child [and] the circumstances surrounding the questioning." Under these circumstances, we find that the trial court did not abuse its discretion in finding the victim competent to testify. Id. Since the child was found to have been competent to testify at trial and had been made available for giving testimony at trial, the trial court did not err in admitting the videotape and the live witnesses' testimony about the victim's accounts of the alleged abuses. OCGA § 24-3-16. See *Newberry v. State*, 184 Ga. App. 356 (1) (361 SE2d 499) (1987). None of that testimony was subject to hearsay objections, as appellant alleges. *Reynolds v. State*, 257 Ga. App. 725 (1) (363 SE2d 249) (1988).

2. Contrary to appellant's assertions, we find that the evidence

was sufficient to support the trial court's determination that appellant's children were deprived within the meaning of OCGA § 15-11-2 (8). Although the boy victim was obviously reluctant to talk about it, he had given consistent accounts of his father's conduct toward him and his sister, both on the videotape and to the persons who testified about those accounts at the hearing. The medical evidence introduced showed that the children had been sexually abused. There being a clear and convincing evidentiary basis for the trial court's determination of deprivation, we find no abuse of the trial court's exercise of discretion in removing the children from appellant's custody and placing them in the temporary custody of the DFCS. *In the Interest of T. A. L.*, 177 Ga. App. 846 (341 SE2d 496) (1986).

3. Appellant contends that the deposition of Dr. Harvey, a doctor who examined the children, was inadmissible. However, the record shows that while the court was reviewing the admitted evidence at trial, it stated that Dr. Harvey's deposition had been admitted without objection, and appellant's attorney did not dispute that statement. The enumeration has no merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 8, 1988.

James E. Lanier, *pro se.*

Carl A. Veline, Jr., Solicitor, Robert E. Turner, Assistant Solicitor, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Deborah A. Edwards, Charlotte M. Hobson, for appellees.