A89A0427. GUFFEY v. THE STATE.
(382 SE2d 202)

BIRDSONG, Judge.

Appellant, Michael Eugene Guffey, was convicted of child molestation of his seven-year-old stepdaughter, M. E. He appeals the judgment of conviction and sentence.

1. Appellant asserts that the trial court abused its discretion in finding M. E. and J. G., age 5, competent to testify.

In his brief appellant makes numerous assertions, some which are not supported by the record. Unsupported factual assertions contained in the briefs of the parties, but not supported by the record, cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223).

Appellant notes that following the competency examination of J. G., the trial court opined that her competency was "a mighty close question," but concluded that the witness was competent and that "she will tell the truth as she sees it, but I think its a close question." Appellant relies on various precedents of the Georgia appellate

courts, including *Strickland v. State*, 164 Ga. App. 845 (297 SE2d 491). We find these precedents distinguishable from the case sub judice.

On appellate review, we cannot merely substitute our judgment for that of the trial court in resolving questions of competency, for our views of this matter are perforce based upon reading the trial record without benefit of having observed the courtroom demeanor of the witnesses. The determination of competency of a child witness rests in the sound discretion of the trial court, and we will not reverse in the absence of manifest abuse of discretion. *Thurmond v. State*, 220 Ga. 277 (3) (138 SE2d 372); *Reece v. State*, 155 Ga. 350 (1) (116 SE 631). " '(T)he standard of competency of a child to be a witness . . . (is) "not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court." . . . Because the trial court has had the opportunity to observe the child during the competency examination and because such observation provides material indicia of competency (or the lack thereof) which this court cannot glean from a cold record, we will upset the ruling of competency only when the record clearly shows that the child was not competent as . . . defined. . . .' " *In the Interest of J. E. L.*, 189 Ga. App. 203, 204 (1) (375 SE2d 490).

Review of the children's responses during competency inquiry and of their testimony at trial fails to reveal any manifest abuse by the trial judge in declaring either of them competent to testify.

2. Appellant asserts the trial court erred in admitting into evidence acts of an alleged similar transaction attributed to the appellant. The record reflects that the victim's younger sister, J. G., was allowed to testify regarding an incident of her sexual abuse by the appellant.

Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind, lustful disposition and attitude towards the female members of a family, and course of conduct, outweighs its prejudicial impact. *Conaway v. State*, 188 Ga. App. 561 (3) (373 SE2d 660); *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455). "However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270); *Oller*, supra at 819-820. In a child molestation case, "[t]he sexual abuse of young children, regardless of the sex of the victims or

the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Oller*, supra at 820, and cases therein cited. Moreover, we find particularly relevant for the purposes above stated, evidence of sexual abuse of another child within the same family unit.

Balancing the probative value of the evidence of appellant's sexual abuse of the victim's younger sister against its potentially prejudicial impact, *Oller*, supra at 820-821, we find that the trial judge did not abuse his discretion by admitting J. G.'s testimony.

3. Appellant asserts that the trial court erred in refusing to direct a verdict of acquittal for the reason that the evidence was insufficient to enable a rational trier of fact to return a verdict of guilty.

"[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311).

On appeal the evidence must be viewed in the light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). The posture of the evidence when so viewed is not such as to demand a verdict of acquittal. Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 9, 1989.

*W. Danis Hentz*, for appellant.

*Ralph L. Van Pelt, District Attorney, John L. O'Dell, Susan R. Sarratt, Assistant District Attorneys*, for appellee.