A89A2205. HUNTER v. THE STATE.
(391 SE2d 695)

BEASLEY, Judge.
Following the denial of his amended motion for new trial, Kenneth Hunter appeals his conviction and sentence for child molestation, OCGA § 16-6-4 (a).

The evidence is construed so as to uphold the verdict. *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985). McDaniel took her four-year-old granddaughter with her to her boyfriend Hunter's residence to spend a weekend. After the child was returned to her mother at the end of the weekend, the mother bathed the child and noticed a redness in the child's vaginal area that had not been there before. When asked about it, the child stated, "Kenny hurt me." The mother and the child's stepfather took the little girl to the hospital. The examining physician found a mild degree of redness around the vagina which could have been the result of fondling by a finger or some such object but was unlikely to have resulted from a fall, as was suggested by the defense.

The following morning the child was taken to the county Department of Family & Children's Services and was interviewed by a caseworker. During the videotaped interview the child related that while her grandmother was asleep, Hunter had taken off the child's panties, put her on the floor, and touched her on the front of her bottom with his nails.

1. The first question is whether the court abused its discretion in ruling that the child, who had no conception of an oath, was competent to testify and, based on this ruling, allowing into evidence the videotape of the interview with the child. Whether the hearsay testi-

mony had sufficient indicia of reliability is also raised. Appellant invokes his right to confrontation under the Federal, but not the State Constitution.

" 'In *Smith v. State*, 247 Ga. 511-12 (277 SE2d 53) (1981), the Supreme Court defined the standard of competency of a child to be a witness as being "not that he be able to define the meaning of an oath, not that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court.' " *Westbrook v. State*, 186 Ga. App. 493 (1) (368 SE2d 131) (1988).

This court has applied the standard thusly: " 'Once a child's competency has been thoroughly tested in court, it is within the sound discretion of the trial court whether or not to rule the child competent to testify as a witness. [Cits.] Because the trial court has had the opportunity to observe the child during the competency examination and because such observation provides material indicia of competency (or the lack thereof) which this court cannot glean from a cold record, we will upset the ruling of competency only when the record clearly shows that the child was not competent as defined in *Smith v. State*, supra. [Cits.] A further reason for the hesitation of appellate courts to interfere with competency rulings is that the trial court's ruling as a matter of law that the child is competent [cits.] is followed by the jury's independent determination of the child's credibility as a matter of fact. [Cit.]' [Cit.]" *Westbrook v. State*, 186 Ga. App. 493 (1), supra (non-precedential). See also *In the Interest of J. E. L.*, 189 Ga. App. 203, 204 (1) (375 SE2d 490) (1988). (OCGA § 24-9-5 (b) effective April 19, 1989, is not applicable to this case.)

The court extensively questioned and observed the nearly-five-year-old girl. Although not very verbal during the court's examination, the child agreed that it was wrong to tell a lie, that she would tell the court the truth, that she went to church, that Jesus would be upset with her if she told a lie, and that she had told the truth to the caseworker during the videotaped interview. The court also viewed the videotape, as we have done. The record supports the court's conclusion that the child was legally competent as a witness.

The trial court also made a specific determination that the testimony on the videotape was reliable. Such factors as atmosphere, circumstances, spontaneity, and demeanor should be considered in determining reliability. *Ortiz v. State*, 188 Ga. App. 532, 535 (3) (374 SE2d 92) (1988); *Newberry v. State*, 184 Ga. App. 356 (361 SE2d 499) (1987). The court considered all of these factors including the procedure followed in making the videotape, and the record supports the

trial court's determination of reliability.

2. Appellant contends that the manner in which the trial court conducted the competency hearing was improper in that the court sat on the floor with the child, played with her, and gave her a soft drink. He further asserts that the manner in which the court conducted itself during the testimony of the child before the jury gave it particular emphasis and intimated to the jury the court's opinion concerning the truth of the child's statements in violation of OCGA § 17-8-57.

Appellant did not object to the manner in which the court conducted its competency examination and cannot now complain. See *Keasler v. State*, 165 Ga. App. 561 (1) (301 SE2d 915) (1983). Nor does appellant indicate how he was harmed by the court's attempt to put the child at ease to determine competency, outside the presence of the jury. An appellant must show not only alleged error but also ensuing harm. *Bowen v. State*, 170 Ga. App. 49, 50 (1) (316 SE2d 33) (1984).

Likewise appellant failed to object to the court's conduct during the child's testimony before the jury. He did not move for mistrial on that basis either. Review is precluded. *Castillo v. State*, 178 Ga. App. 312 (3) (342 SE2d 782) (1986). Moreover, immediately before the child testified, the court explained that the jury was not to take the court's solicitousness towards the child during her testimony as any indication of court sympathy for the child or of any attempt to cause her to be viewed differently than any other witness.

3. Appellant contends the trial court erred in failing to direct an acquittal because the evidence was wholly insufficient to convince any rational trier of fact of his guilt beyond a reasonable doubt. He maintains the videotaped interview was uncorroborated hearsay and that the circumstantial evidence did not exclude any other reasonable hypothesis and therefore could not corroborate the videotape to support the conviction.

The videotape was reliable and admissible under OCGA § 24-3-16. See Division 1, supra. See also *Ware v. State*, 191 Ga. App. 896 (2) (383 SE2d 368) (1989). The child was available and testified giving direct victim evidence. Even if the State's case had relied solely on circumstantial evidence, such evidence had to exclude every reasonable hypothesis except the guilt of the accused, but it did not have to remove every possibility of his innocence. *Jerdine v. State*, 137 Ga. App. 811, 812 (1) (224 SE2d 803) (1976).

The direct and circumstantial evidence was sufficient to uphold the jury's determination of guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Defendant was not entitled to a directed verdict of acquittal.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1990.

*Steve Bennett*, for appellant.
*Stephen F. Lanier*, District Attorney, *Fred R. Simpson*, Assistant District Attorney, for appellee.