## A91A1834. SISROE v. THE STATE.
(416 SE2d 141)

Pope, Judge.

Benny Sisroe appeals his conviction of possession of cocaine with intent to distribute.

1. Defendant first argues the trial court allowed the State to offer into evidence his prior convictions without a showing of similarity between the prior convictions and the crime charged. We agree and reverse defendant's conviction.

Generally, evidence of prior crimes committed by the defendant is inadmissible because it places the defendant's character into evidence. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). Exceptions to this rule have developed allowing evidence of other crimes committed by a defendant to be admitted for limited purposes such as to show identity, motive, plan, scheme, bent of mind, and course of conduct. Id. Before evidence of prior crimes is admissible, the State must show at a pretrial hearing held pursuant to Uniform Superior Court Rule 31.3 (B) that: (1) the State intends to introduce evidence of the independent act for an appropriate purpose; (2) there is sufficient evidence to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). If the trial court finds this three-prong test has been satisfied, the State must then present to the trier of fact evidence of identity and similarity. Id. at (2) (c) and (d).

During the Rule 31.3 (B) hearing, the State informed the trial court that it intended to introduce into evidence a certified copy of defendant's prior convictions of possession of cocaine with intent to distribute for the purpose of showing motive and intent. The State offered no evidence of similarity, arguing the certified copy of the convictions alone was sufficient to show similarity. At trial, the State merely submitted into evidence a certified copy of defendant's prior convictions without offering any other evidence of similarity between the crimes. In *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991), the Georgia Supreme Court held that certified copies of prior convictions by themselves are insufficient to meet the State's burden of showing similarity between the crimes. Consequently, the trial court erred by holding the State met its burden during the Rule 31.3 (B) hearing and by allowing the State to introduce into evidence certified copies of defendant's prior convictions.

The State argues that because it did not seek to prove similarity between the defendant's prior convictions and the drug charge involved in this case, but rather sought to prove the defendant's intent

to commit the crime charged, the Georgia Supreme Court's decision in *Stephens*, supra, is inapplicable to this case. In fact, the *Stephens* opinion is expressly applicable to the situation in which a prosecutor seeks to present evidence of a similar crime for the purpose of showing intent. The *Stephens* court held "there must be some evidence to establish between the independent crime and the crime on trial *such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime for which [the defendant] is on trial.*" (Emphasis supplied.) *Stephens*, 261 Ga. at 469. Georgia law is now clear that the State must make a sufficient showing of similarity, in the manner set forth above, before prior convictions can be introduced for any purpose, including the showing of intent. Although the State correctly points out the Georgia Supreme Court did not expressly overrule any prior decisions of the Georgia appellate courts which were inconsistent with its holdings in *Stephens* or *Williams*, any such decisions to the extent they were inconsistent were overruled by those cases sub silentio.

2. Our holding in Division 1 makes it unnecessary to consider defendant's remaining enumeration of error.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1992.

*Underwood & Mathis, Lewis R. Lamb*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.