A91A1841. SCREVEN v. THE STATE.
(419 SE2d 155)

COOPER, Judge.

Appellant was convicted by a jury for the sale of cocaine. She appeals from the denial of her motion for new trial.

1. In one of her enumerations of error, appellant argues that the trial court erred in admitting into evidence, as a prior similar transaction, a certified copy of a prior conviction of appellant for possession of cocaine. At trial, the State did not offer evidence of the circumstances surrounding the commission of the prior crime or the similarity of the prior crime to the crime for which appellant was being tried. The State only presented the certified copy of the conviction. This case is directly controlled by the recent Georgia Supreme Court case of *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991), and we therefore quote at length from *Stephens*: "We agree with [appellant] that the introduction of a certified copy of [her] prior conviction . . . was error. At a pre-trial hearing pursuant to Uniform Superior Court Rule 31.3 (B) on the admissibility of evidence of the prior crime, the prosecutor demonstrated the similarity between the prior conviction and the crime for which the [appellant] was being tried by 'stating in his place' the relevant facts of the prior conviction. The trial court's finding of sufficient similarity based on the prosecutor's statement of what he expected to show at trial was proper. [Cit.] However, the state's establishment of a prima facie case of similarity does not satisfy its obligation to present proof on that issue at trial. Here no such proof was made. Only the conviction itself was offered. . . . Therefore, in this case, there must be some evidence to establish between the independent crime and the crime on trial such

similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime for which [appellant] is on trial. [Cits.]" Id. at 468-469. See *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991); *Sisroe v. State*, 203 Ga. App. 64 (416 SE2d 141) (1992). "Georgia law is now clear that the State must make a sufficient showing of similarity [as set forth in *Stephens*] before prior convictions can be introduced for any purpose. . . ." *Sisroe*, supra. The State failed to make such a showing at trial, and therefore this case must be reversed.

2. Our holding in Division 1 makes it unnecessary to consider the remainder of appellant's enumerations of error.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED APRIL 3, 1992.

*Peter D. Johnson*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Barbara A. Smith, Assistant District Attorneys*, for appellee.