## A92A1895. ADAMS v. THE STATE.
(430 SE2d 35)

BIRDSONG, Presiding Judge.

This is an interlocutory review of the order of the trial court in a child molestation and sodomy case admitting similar transaction evidence where the similarity in essence is claimed to have been established by the introduction of certified copies of certain documents obtained from the State of Indiana and by an uncontested statement in place by the prosecutor as to the facts of the case at bar. Appellant is

William A. Adams a/k/a William A. Adams, Jr., William Adams, and William Albert Adams, Jr.

Appellant is charged with two counts of aggravated child molestation, two counts of aggravated sodomy, and one count of child molestation. It is specifically averred in each of the molestation counts that the victim (who was appellant's stepson) was a child under 14 years of age and that each offense was committed "with intent to arouse and satisfy the sexual desires of said accused." The State established that the victim in this case was four years old. The prosecutor stated in his place, without objection or contradiction, that the child, after identifying a penis on a male doll as his "ding-ding," stated appellant had the victim "play with his ding-ding," "put his ding-ding on [the victim's] butt," and made the victim "lick [appellant's] ding-ding."

The documents admitted to establish the prior similar transaction offense include an Indiana Information (accusation) for child molesting, Class C felony; minutes of the Indiana Superior Court; a Plea Bargain Agreement and Disclosure Statement; and an Abstract of Judgment from the Indiana Department of Corrections, certified by the St. Joseph County (Indiana) Superior Court Clerk. Although no witness was called to testify as to the circumstances surrounding the Indiana offense of child molestation revealed in the official records admitted before the court, and the prosecutor in the case at bar made no statement in place as to the circumstances surrounding the Indiana offense, the trial court admitted the documents as similar transaction evidence concluding that the ruling in *Miller v. State,* 165 Ga. App. 487, 488 (299 SE2d 174) constitutes an exception to the general rule in *Stephens v. State,* 261 Ga. 467 (405 SE2d 483). *Held:*

1. (a) Pursuant to OCGA § 24-1-4, we take judicial notice in its totality of the following law of the sovereign State of Indiana, to-wit Indiana Code § 35-42-4-3, captioned Child Molesting, as published by authority in Title 35, Book 2, Burns Indiana Statutes Annotated Code Edition. Subsection (b) of this judicially noticed Code section pertinently provides: "A person who, with a child *under twelve [12] years of age,* performs or submits to any fondling or touching, of either the child or the older person, *with intent to arouse or to satisfy the sexual desires of either the child or the older person,* commits child molesting, a class C felony." (Emphasis supplied.) We also take judicial notice that § 35-42-4-3 reports on its face that it was last modified in 1981 by, P. L. 301, § 1. (Although not made a part of this record, the State announced on the hearing record that they were in possession of a certified copy of Indiana Code § 35-42-4-3, and argued that the trial court could take judicial notice of that statute during trial.)

(b) The Indiana documents introduced in evidence contain much

irrelevant information, as noted by the trial court, including information that two other "causes" were dismissed. However, such a deficiency is easily corrected by excising the offensive material in a suitable manner. These documents do, however, contain the following relevant information on their face: (1) An "Information For Child Molesting, Class C Felony" (the information count avers that on April 19, 1984, "William Albert Adams, Jr. did perform fondling and touching with Moniko Lattimer, *a child who was then and there under the age of twelve (12) years, with intent to arouse or satisfy the sexual desires* of William Albert Adams, Jr.," said offense being in violation of Indiana Code § 35-42-4-3.) (Emphasis supplied.) (2) Minutes of the St. Joseph Superior Court of Indiana (the minutes show appellant initially entered a plea of not guilty). (3) A Plea Bargain Agreement And Disclosure Statement, bearing appellant's signature as William A. Adams, Jr., together with an attached "Certificate of Counsel," signed by the attorney for defendant (this document reveals, inter alia, that appellant was 18 years of age at the time of his plea, that he agreed to plead guilty in cause number 24637, child molesting, a Class C felony, and it lists the various constitutional rights which appellant would retain if he chose to adhere to his plea of not guilty. The document also contains the following express statement by appellant: "I know that the court will not ordinarily accept a plea of guilty from anyone who claims to be innocent, and I make no claim of innocence. I stand prepared to state to the court the conduct that I believe makes me guilty of the offense to which I wish to plead guilty." (4) An Indiana Abstract of Judgment form (establishing that William A. Adams, Jr. was found guilty of child molesting, a Class C felony, in cause no. 24637 and sentenced by the superior court), which was certified by the Indiana Superior Court Clerk as true and correct.

(c) An accepted and entered plea of guilty is the strongest proof of guilt known in the law. Thus, the admitted Indiana documents conclusively establish that William Albert Adams, Jr. a/k/a William A. Adams, Jr., at age 18 (the age of majority in Georgia pursuant to OCGA § 39-1-1 (a)) committed, was convicted of, and sentenced for, the felony offense of child molestation against a child of tender years by fondling and touching said child with the intent to arouse or satisfy the sexual desires of the said Adams. See generally 21 AmJur2d, Criminal Law, § 490 ("[A] plea of guilty is an admission or a confession of guilt, and as conclusive as a verdict of a jury; it admits all material fact averments of the accusation.").

2. (a) Although it was held in *Stephens*, supra, that the trial court erred by permitting the State to introduce a certified copy of his prior conviction for the sale of cocaine and failing to offer any other evidence of the commission of the sale in order to present proof of the similarity at trial, as recognized by the trial court, in *Miller*,

supra, this court citing *Phelps v. State*, 158 Ga. App. 219, 220 (279 SE2d 513) held, and has continually applied for the last decade, the well-established rule that "[t]he sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible."

(b) The object of all legal investigation is the discovery of the truth, and the rules of evidence are framed to facilitate this prominent purpose. OCGA § 24-1-2. It has long been recognized as necessary to achieve this goal that "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649 (3) (250 SE2d 394); *Oller v. State*, 187 Ga. App. 818, 821 (2) (371 SE2d 455). Of all the sex crimes imaginable, nowhere is a liberal extension of the rule more necessary to facilitate the search for truth than in the sordid area of sex crimes committed against children, particularly those of tender age whose inability to speak for themselves makes them the most vulnerable prey to the most dispiteous of criminal depredation. Thus, this court acknowledged the existence of *a special rule*, applicable to those cases where an accused is being tried for crimes, the substance of which involves the sexual abuse of a child and where the similar transaction evidence likewise involves some form of sexual abuse of a child. This established rule was restated succinctly in *Oller*, supra at 820 (2), as follows: "The sexual abuse of young children, *regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them*, is of sufficient similarity to make the evidence admissible" (emphasis supplied) when the accused is being tried for one or more crimes involving some form of sexual abuse of a child.

The reason for this rule rests not only in the legal difficulty encountered with a child victim but because a sexual offense committed against a young child requires a special "la[s]civious motivation or bent of mind which generally will have some probative value in determining an accused's motivation or bent of mind in a subsequent trial for child molestation." *Oller*, supra at 821 (2). That is, it requires a unique bent of mind for an accused to desire to satisfy the sexual desires of a young child or his own sexual desires through the medium of using a young child's body in some form. The virulent inclination is *the use of a child as a sexual object*; therefore, any form of prior sexual abuse committed against any young child whatever the variety of means or salacity of detail, and regardless of that child's sex, is highly relevant and material in determining the bent of mind, motive and intent of an accused. It is a matter of common knowledge that many sex offenders of adults would never commit such an act against a child of tender years and would glean no sexual satisfaction from the perpetration of such an act. Because of this uniqueness of sexual

bent of mind and the nature of the specific intent of sexual gratification involved, evidence of sex crimes of any kind against children is sui generis in nature; it has a particularly significant relevance in proving such bent of mind by the perpetrator in regard to any pending charge of sexual abuse of children. Thus, the prima facie showing of *similarity* necessary to establish the requisite degree of relevance in a case involving some form of sexual abuse against a young child arises per se and is evidenced per force by proper proof of the commission of any type of prior sex crime against any young child.

(c) We must now determine whether this established and rational rule of reason, which we apply narrowly to those cases involving the sexual abuse of children, has been restricted severely in its application by the decision of the Supreme Court in the case of *Stephens,* supra, and its progeny, to the extent that the introduction of a certified copy of appellant's conviction for some type of sex crime against a young child of any sex will no longer constitute adequate proof of similarity so as to take the issue to the factfinder for adjudication.

3. (a) We find that *Stephens,* supra, and its progeny, are distinguishable from this case, as this case involves a *recognized exception* to the rule announced in *Stephens.* Also compare *Moore v. State,* 202 Ga. App. 476, 479 (2b) (414 SE2d 705) (dictum). In cases involving the sexual abuse of young children, similarity sufficient to warrant introduction in evidence is shown if the evidence introduced, in whatever admissible form that evidence may take, establishes that a prior sexual abuse offense of any type was committed by the accused upon a child, particularly one of tender years as occurred in this case, regardless of the sex of that child vis-a-vis the sex of the current child victim. However, we caution that this exception pertains only to the third prong of the three affirmative showings required by the Supreme Court in *Williams v. State,* 261 Ga. 640 (409 SE2d 649).

*Williams,* 261 Ga., supra at 642, requires that the affirmative showing by the State, as to each independent offense or act it seeks to introduce, that: (1) the evidence is being admitted for a permissible purpose and is relevant thereto; (2) there is sufficient evidence to establish the accused's identity as the perpetrator of said offense or act; and, (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. Id.; *Stephan v. State,* 205 Ga. App. 241, 243 (2) (422 SE2d 25). Moreover, the trial court must make a determination on the record that each of these required affirmative showings has been made (*Maxwell v. State,* 262 Ga. 73, 75, n. 2 (414 SE2d 470) and accompanying text); these determinations must be made *after* a USCR 31.3 (B) hearing and *before* the evidence of a similar transaction is presented to a jury (*Williams,* 261 Ga., supra at 642 (2) (c); *Maxwell,* supra at 75 (2); *Stephan v. State,* supra at 243

(2)); see generally *Hansen v. State*, 205 Ga. App. 604, 605 (1) (423 SE2d 273); USCR 31.2 and 31.3. To insure that the evidence of similar transaction is not being introduced solely to raise an improper inference as to the accused's character, we have repeatedly tested the similar transaction evidence for legal relevance; that is, to show that the legitimate purpose for which it is being introduced, such as intent, "identity, motive, plan, scheme, bent of mind [or] course of conduct, *outweighs* its prejudicial impact." *Oller*, supra at 819; accord: *Campbell v. State*, 234 Ga. 130, 131-132 (214 SE2d 656) (prior armed robberies; regardless of similarity, evidence of separate offenses should not be admitted unless prejudicial impact outweighed by its relevance); *Greer v. State*, 201 Ga. App. 775 (1) (412 SE2d 843); *Pinson v. State*, 201 Ga. App. 555 (411 SE2d 564); *Boynton v. State*, 197 Ga. App. 149, 150 (1) (397 SE2d 615); *Williams v. State*, 194 Ga. App. 822 (392 SE2d 297); *Roney v. State*, 192 Ga. App. 760, 762 (386 SE2d 412); *Guffey v. State*, 191 Ga. App. 501, 503 (2) (382 SE2d 202). We believe that invoking this test as a requirement for the trial court to make on the record, when admitting similar transaction evidence under *Williams*, 261 Ga., supra, will provide *sufficient safeguard*, when coupled with appropriate instructions to the jury as hereafter clarified and discussed, to ensure that the rights of the accused to a fair trial are not placed in jeopardy when this similar transaction exception is employed in cases involving the sexual abuse of children. Moreover, this test will assist the courts in determining, consistent with the first prong of the *Williams* test (*Williams*, 261 Ga., supra at 642), whether the similar transaction evidence in fact is being introduced for a proper purpose or merely to raise an improper inference as to the accused's character.

(b) We further find that all cases of this court and of the Supreme Court which considered the introduction of similar transaction evidence in cases other than those pertaining to the sexual abuse of children are distinguishable and not controlling. See, e.g., *Stephens*, supra; *Screven v. State*, 203 Ga. App. 821 (419 SE2d 155); *Sisroe v. State*, 203 Ga. App. 64, 65 (1) (416 SE2d 141) (cocaine possession with intent to distribute); and *Little v. State*, 202 Ga. App. 7 (413 SE2d 496). Conversely, we find that none of the cases of this court dealing with the sexual offense exception has been overruled sub silentio by *Stephens*, supra, or *Williams*, 261 Ga., supra, as with other cases generally referred to in *Sisroe*, supra.

(c) *Pickelseimer v. State*, 154 Ga. App. 223 (267 SE2d 845), which frequently has been distinguished, likewise is distinguishable from this case; it applied the balancing test discussed in *Oller* and *Guffey*, but concluded that the probative value of appellant's 1961 statutory rape conviction as to appellant's intent, motive, plan, scheme, and bent of mind was marginal at best and could not out-

weigh the highly prejudicial effect of the conviction on the jury; this conclusion was reached, however, from the court's express finding that the evidence was not being introduced for a permissible purpose but in order to prejudice the jury and convince them that the accused was guilty merely because he was the type of person who sexually abuses children. We find nothing in the record forwarded to us to review that would support a finding that this evidence is being introduced for the impermissible purpose of prejudicing the jury merely by introducing appellant's bad character in evidence. Moreover, to the extent, if any, that the sexual offense rule and balancing test as *applied* in *Pickelseimer*, supra at 224, might in some manner conflict with the sexual offense rule and balancing test as recognized and *applied* in *Oller* and *Guffey*, it will no longer be followed.

(d) In subsequently making the three determinations of *Williams*, 261 Ga., supra, *the trial court* should take into consideration the following: As to prong 1 — permissible purpose — the State has expressly shown on the record that it is offering the evidence of similar transaction "to show defendant's lustful intent and his bent of mind" (see generally *Williams*, 261 Ga., supra; *Oller*, supra); the trial court must now make an affirmative determination as to the sufficiency of this showing on the record. As to prong 2 — identity of perpetrator — the trial court will make an affirmative showing on the record whether the proffered evidence of similar transaction sufficiently establishes appellant as the perpetrator of the Indiana offenses. See generally *Oller*, supra at 820, citing *Glass v. State*, 181 Ga. App. 448 (352 SE2d 642) (concordance of name as evidence of identity); *Moore*, supra at 479 (2b) (perpetrator identity; comparing accused's signatures). We note that appellant's counsel has made an admission on the hearing record that: "My client was 18 at the time this [the Indiana offense] happened. . . . And the face of the indictment from Indiana does not give us enough information. . . . We have no idea from the face of this indictment [Indiana Information] what the acts were that *he* was accused of doing. . . . This indictment [Indiana Information] would not be sufficient . . . to demonstrate any type of similarity between the charges *he's* charged with here today and what *he* pled guilty to back in Indiana." (Emphasis supplied.) The identity of appellant as the perpetrator of the offense was thereby conclusively established by counsel's admission in judicio of this fact. Compare *Lingerfelt v. State*, 255 Ga. 180 (3) (336 SE2d 250); *Lamb v. Decatur Fed. &c. Assn.*, 201 Ga. App. 583, 588 (411 SE2d 527). Further, appellant has elected not to raise the issue of lack of identity in this appeal. Nevertheless, the trial court shall make the requisite determination on the record as to the issue of identity. In doing so, the trial court may rely upon this admission in judicio, unless in its discretion it allows it to be withdrawn, and the other factors above discussed,

such as the concordance of name test and signature comparison test. As to prong 3 — sufficiency of similarity — the trial court will make a determination on the record again regarding this prong *utilizing the law as above discussed.* Compare *Smith v. State*, 206 Ga. App. 557 (426 SE2d 23). If the three prongs of *Williams*, 261 Ga., supra, are met, as above discussed, and the trial court has placed its determinations on the record, the trial court shall then apply the balancing test of *Oller*, supra, and *Guffey*, supra, to determine legal relevancy, considering all relevant information then before it, when balancing probative value against prejudicial impact giving due consideration to the established rule of law in *Oller*, supra. This latter test, like the determination in the first prong of *Williams*, supra (permissible purpose), is solely for the trial court's determination as an issue of law.

(e) However, as to the third prong (similarity) of *Williams*, 261 Ga., supra, the Supreme Court has, in its ruling in *Stephens*, supra at 468 (6), clarified that after the State has made a prima facie showing of similarity or logical connection, as above discussed, before the trial court so as to enable the evidence to be introduced before the jury, the State also must "present proof on that issue at trial." Id. at 469. The jury is required, based on proper *instruction* and before it can consider the evidence of similar act or transaction for the limited purposes for which the trial court has *instructed* that the evidence can be considered, to first find there is a sufficient similarity or logical connection between the independent crime and the offense charged (such that proof the defendant committed the former tends to prove the accused also committed the latter). Id. Although *Stephens*, supra, does not address the second prong of *Williams*, 261 Ga., supra (identity of perpetrator), by requiring that there must be evidence that the defendant was *in fact* the perpetrator of the independent crime, this issue too should normally be submitted to the jury under proper instruction. See *Williams*, 261 Ga., supra at 642 (c). That is, the jury normally should be instructed that before they can consider the independent crime for the limited purpose for which the evidence has been admitted they must also find sufficient evidence exists to establish that the defendant was in fact the perpetrator of the independent crime. See *Stephens*, supra at 469 and n. 2. (Note: If the trial court considers and does not allow appellant to withdraw the admission in judicio of the fact of appellant's identity, an instruction as to the effect of such an admission should also be given to the jury in this case.) The necessity for presenting evidence of the offender's identity to the factfinder was emphasized by the Supreme Court in *Williams*, 261 Ga., supra at 642 (c) where it was stated: "The state *must present the trier of fact with evidence* establishing *both* that the accused committed an independent offense or act *and* that the connection and/or similarity between that offense or act and the crime charged is

such that proof that the accused committed the former tends to prove that the accused also committed the latter." (Emphasis supplied.) Of course, presenting a jury with such evidence serves no useful purpose unless the jury also is given adequate instructions regarding these issues of fact they must resolve from the evidence before they can consider the similar act or transaction for the limited purpose for which they were instructed such evidence was introduced. Moreover, providing the jury with adequate instructions as to the admission of any evidence of similar or logically connected offenses or transactions is *necessary* in the interest of justice and is the legal price that must be paid for its admission before the jury regardless of the nomenclature of crime(s) for which the defendant is currently being tried.

The ruling of the trial court is vacated and this case is remanded for reconsideration of evidence admissibility consistent with this holding.

*Judgment vacated and case remanded with direction. Pope, C. J., McMurray, P. J., and Andrews, J., concur. Beasley, J., concurs in Divisions 1 and 2 and in judgment. Carley, P. J., Cooper, Johnson and Blackburn, JJ., concur in judgment only.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 19, 1993 — 

*Claudia S. Saari*, for appellant.

*J. Tom Morgan, District Attorney, Anne G. Maseth, Lee Anne Atkins, Elizabeth W. Morn, Assistant District Attorneys*, for appellee.