## A05A1978. NAILLON v. THE STATE.
(625 SE2d 73)

RUFFIN, Chief Judge.

A jury found Robert Naillon guilty of theft by receiving stolen property, giving false information to an officer, and misrepresenting the identity of a vehicle by improperly transferring a license plate. On appeal, Naillon challenges the sufficiency of the evidence. In two enumerations of error, Naillon also contends that the trial court erred in admitting similar transaction evidence. Although we find the evidence sufficient to support Naillon's conviction, we agree that the trial court erred in admitting the similar transaction evidence and therefore reverse Naillon's conviction.

1. On appeal from a criminal conviction, Naillon no longer enjoys a presumption of innocence and we view the evidence in a light most favorable to the jury's verdict.[1] In so doing, we neither weigh the evidence nor judge the credibility of the witnesses, but merely ascertain the sufficiency of the evidence.[2]

Viewed in this manner, the evidence shows that on April 10, 2003, the president of Dalton Camper Sales reported to police that a white van had been stolen from the company during the night. That night, police officer Michael Herndon stopped the van during a routine traffic stop. Although Naillon was driving the van, he identified himself as James Jones. Herndon checked the vehicle identification number, determined that the van had been reported stolen, and he arrested Naillon. After further investigation, Herndon discovered that the license plate displayed on the van was not assigned to that vehicle and that the assigned plate was hidden underneath the passenger seat of the van.

According to Naillon, this evidence was insufficient to support his convictions either for theft by receiving or misrepresenting the identity of a vehicle. Specifically, he contends that "[t]here was no testimony that would allow the jury to have found that [he] was knowingly in possession of the motor vehicle or that [he] knew that the license plate had been transferred from another vehicle." We disagree. "Evidence of recent, unexplained possession of stolen goods is sufficient to support a conviction for theft by taking."[3] Thus, the fact that Naillon was discovered driving the van mere hours after it was reported stolen constitutes some evidence of guilt. Morever, when Naillon was stopped by police, he gave a false name, which also raises

---

[1] See *Gibson v. State*, 243 Ga. App. 610 (1) (533 SE2d 783) (2000).
[2] See id.
[3] (Punctuation omitted.) *Drake v. State*, 274 Ga. App. 882 (1) (619 SE2d 380) (2005).

an inference of guilt.[4] Under these circumstances, we find the evidence sufficient to support Naillon's convictions.[5]

2. Before trial, the State sought to introduce similar transaction evidence, and the prosecutor proffered evidence that, in 1997, Naillon pleaded guilty to theft by taking a motor vehicle. During trial, the prosecutor called Sara Cantrell to testify regarding the 1997 theft. Cantrell, who is employed by the Department of Corrections Probation Division, was able to verify the certified copy of Naillon's 1997 conviction. However, when Naillon's attorney asked whether she was "familiar with the . . . facts behind this theft by taking[,]" Cantrell responded, "[n]o." No additional evidence was adduced regarding the prior theft.

Naillon contends that the trial court erred in admitting the similar transaction evidence given the lack of testimony as to the similarity between the prior conviction and the crime for which he was on trial. We agree.

In a criminal trial, evidence that the defendant committed a prior offense is generally prejudicial, irrelevant, and inadmissible, even if the prior crime is of the same type for which the defendant is being tried.[6] However, evidence of such prior crime may be admitted if "there is some logical connection between the independent act and the crime for which the defendant is being tried, from which it can be said that proof of one tends to establish the other."[7]

In seeking the admission of evidence of a prior crime as a similar transaction, our Supreme Court has held that the State must do more than merely introduce a certified copy of the prior conviction into evidence; it must present evidence demonstrating both that the accused committed the prior offense and that the two offenses are sufficiently similar "such that proof that the accused committed the former tends to prove that the accused also committed the latter."[8] It follows that the trial court erred in admitting the similar transaction evidence based solely upon the certified copy of Naillon's prior conviction.[9]

Moreover, we cannot say that the error was harmless. Evidence that a defendant committed a distinct crime is both inherently and

---

[4] See *Richardson v. State*, 275 Ga. App. 320 (620 SE2d 522) (2005).

[5] See id.; *Gibson*, supra at 611 (2) (a).

[6] See *Hudson v. State*, 271 Ga. 477, 479 (2) (521 SE2d 810) (1999).

[7] Id.

[8] *Williams v. State*, 261 Ga. 640, 642 (2) (c) (409 SE2d 649) (1991); see also *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991).

[9] See id.; *Screven v. State*, 203 Ga. App. 821, 821-822 (1) (419 SE2d 155) (1992); *Sisroe v. State*, 203 Ga. App. 64, 64-65 (1) (416 SE2d 141) (1992).

highly prejudicial.[10] And where, as here, the evidence of guilt is not overwhelming, admission of such evidence warrants reversal.[11] Accordingly, Naillon's conviction must be reversed. As we found the evidence of his guilt sufficient, however, he may be retried.[12]

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 12, 2005.

*William W. Bond, Jr.*, for appellant.
*Roger G. Queen, District Attorney, Joe W. Hendricks, Jr., Assistant District Attorney*, for appellee.

---

[10] See *Hudson*, supra.

[11] See *Stephens*, supra; compare *Thomas v. State*, 253 Ga. App. 58, 60-61 (1) (557 SE2d 483) (2001) (although trial court erred in admitting similar transaction evidence, such error was harmless given overwhelming evidence of defendant's guilt).

[12] See *Kemp v. State*, 271 Ga. App. 654 (610 SE2d 623) (2005).