## A08A0751. SMITH v. THE STATE.
### (659 SE2d 917)

BLACKBURN, Presiding Judge.

Following a jury trial, Charles Smith was convicted of theft by receiving stolen property.[1] He appeals his conviction, arguing that the trial court erred in denying his motion for directed verdict, which asserted that the State failed to produce evidence sufficient to show that he knew the subject property was stolen. For the reasons set forth below, we reverse Smith's conviction.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Chambers v. State.*[2] When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the evidence shows that on September 16, 2004, Wade Harris discovered that someone had broken into his boat, which was moored at his neighborhood's community dock, and had stolen several pieces of stereo equipment, including two speakers. Harris notified the police, and an officer came out to the dock that day to investigate the matter. Several weeks later, Harris's brother was patronizing a local pawn shop when he noticed Harris's stolen boat speakers, which he recognized from having helped Harris install them, on display in the shop. He immediately called Harris, who met him at the pawn shop and confirmed that the speakers were the same ones that had been stolen from his boat; the speakers bore some familiar decals, as well as identifiable scratches. Harris then called the police, who learned from the pawn shop's owner and the owner's records that the speakers had been pawned on October 13 by Charles Smith.

Smith was later arrested and charged by accusation with one count of theft by receiving stolen property and one count of theft by deception.[5] At trial, Harris and his brother testified regarding the theft and the recovery of the speakers from the local pawn shop. The shop's owner testified that although he did not specifically recall the

---

[1] OCGA § 16-8-7 (a).

[2] *Chambers v. State*, 288 Ga. App. 550 (654 SE2d 451) (2007).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] OCGA § 16-8-3 (a).

person who pawned the speakers, his records indicated that Smith was that person and included information from Smith's driver's license. At the close of the State's evidence, Smith moved for a directed verdict; however, the trial court took the motion under advisement and did not rule. Smith testified that he had purchased the speakers at a local flea market approximately two weeks before he pawned them. He further testified that he was not aware that the speakers had been stolen and that he later pawned them because he needed money to buy gasoline for his work commute. After resting his case, Smith again moved for a directed verdict, which the trial court denied. Subsequently, the jury found Smith guilty on both counts of the accusation. Shortly thereafter, Smith filed a motion to vacate the theft by deception conviction on the ground that the prosecution for that offense had not been commenced within the statute of limitation. The trial court agreed and vacated that conviction. Smith now appeals his conviction of theft by receiving stolen property.

In his sole enumeration of error, Smith contends that the trial court erred in denying his motion for directed verdict, which asserted that the State failed to produce evidence sufficient to show that he knew or should have known that the boat speakers were stolen. We agree.

Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." "Evidence of recent, unexplained possession of stolen goods is sufficient to support a conviction for theft by taking."[6] (Punctuation omitted.) *Naillon v. State*.[7] However, "[p]roof of possession, alone, of recently stolen property is not sufficient to establish the essential element of the offense of theft by receiving stolen property that the possessor knew or should have known that the property was stolen." *Wells v. State*.[8] See *Crowder v. State*.[9] Nevertheless, "knowledge sufficient to establish guilt may be inferred from possession in conjunction with other evidence of knowledge, and such guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man." (Punctuation omitted.) *Wells*, supra, 268 Ga. App. at 62-63 (1). See *Crowder*, supra, 271 Ga. App. at 179 (1).

---

[6] Smith was never charged with theft by taking in this matter.

[7] *Naillon v. State*, 276 Ga. App. 799 (1) (625 SE2d 73) (2005).

[8] *Wells v. State*, 268 Ga. App. 62 (1) (601 SE2d 433) (2004).

[9] *Crowder v. State*, 271 Ga. App. 177, 179 (1) (609 SE2d 134) (2004).

Here, we find that the evidence showed no more than Smith's possession of the stolen speakers and showed no additional circumstances from which a jury could rationally infer that Smith knew or should have known that the speakers were stolen. *Wells*, supra, 268 Ga. App. at 63 (1). Although Harris (the victim) was able to identify the speakers found at the pawn shop as his based on decals and some scratches and dents, which they had sustained over the course of his use of them, the speakers bore no signs that would excite suspicion that they had been stolen in the mind of an ordinary prudent person. See *Crowder*, supra, 271 Ga. App. at 179 (1); *Wells*, supra, 268 Ga. App. at 63 (1). Furthermore, no inference of guilty knowledge can be drawn solely from the fact that Smith pawned the speakers nearly one month after they were stolen. See *Wells*, supra, 268 Ga. App. at 63 (1). Accordingly, we reverse Smith's conviction for theft by receiving stolen property for lack of evidence to support the guilty verdict.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 1, 2008.

*Jennifer R. Brock*, for appellant.

*T. Joseph Campbell, District Attorney, Gregory S. Dickson, Assistant District Attorney*, for appellee.