639 S.E.2d 556 (2006)
In the Interest of A.D., a child.
No. A07A0239.
Court of Appeals of Georgia.
November 28, 2006.
*557 Demetra D. Ford, Carl P. Greenberg, for appellant.
Gwendolyn Keyes Fleming, District Attorney, John E. Waters, Assistant District Attorney, for appellee.
BLACKBURN, Presiding Judge.
Adjudicated delinquent based on evidence of having committed a burglary, minor A.D. appeals, challenging the sufficiency of the evidence and arguing that the juvenile court erred in admitting and considering hearsay testimony given by a detective regarding incriminating statements made by a nontestifying accomplice. We hold that the admissible evidence sufficed to sustain the finding of delinquency, but, as conceded by the State, we must reverse on the ground that the court expressly relied on the inadmissible hearsay testimony in reaching its judgment.
1.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.
(Punctuation omitted.) In the Interest of T.T.[1] See generally Jackson v. Virginia.[2] Thus, "[t]he standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case." In the Interest of T.T., supra, 236 Ga.App. at 46(1), 510 S.E.2d 901. In reviewing such cases, we do not weigh the evidence or determine witness credibility. In the Interest of T.N.[3]
Here, A.D. was accused of burglary, which is defined as entering the dwelling house of another without authority and with the intent to commit a theft therein.[4] Viewed in favor of the juvenile court's adjudication, the evidence shows that while the victim was away on vacation, a neighbor saw two young men (whom she did not see well enough to identify) at the victim's residence and alerted her cousin to look into the victim's backyard. The cousin saw a young man with the same unique hairstyle as A.D. in the victim's backyard acting as lookout. The neighbor then saw both young men leave the victim's residence carrying black bags and enter A.D.'s residence two doors down. This neighbor called police; later that same day, she saw A.D. wearing the same clothes as one of the young men she saw leaving the residence.
When police appeared, they found that the victim's residence had been broken into through a window. The victim returned two days later, finding her house in total disarray and discovering several items missing, including some model cars and a unique lighter. With the consent of his mother, police searched A.D.'s bedroom and found the model cars and the lighter. A.D. told police he had received the lighter from a friend, who A.D. believed had burglarized the victim's residence. A.D. could not explain the model cars in his room.
Without considering the hearsay evidence discussed in Division 2 below,[5] we *558 hold that the above evidence sufficed to sustain a finding that A.D. had participated in the burglary. Beyond the witnesses' identification of A.D.'s hairstyle and clothing as those worn by one of the burglars, and beyond the burglars going to A.D.'s home to escape, A.D.'s possession of the stolen items soon after the burglary incriminated him.
Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the [factfinder]; so is lack of explanation. What constitutes recent possession is in all cases a [factfinder] question, to be determined very largely from the character and nature of the stolen property. In the case sub judice, the [judgment] reflects the [factfinder's] dissatisfaction with defendant's explanation. The evidence of defendant's recent unexplained possession of stolen [items] is sufficient under the standard of Jackson v. Virginia, supra, to authorize the [factfinder's] verdict that defendant is guilty, beyond a reasonable doubt, of burglary.
(Punctuation omitted.) Davis v. State.[6]
Citing OCGA § 24-4-6, A.D. claims that the State's case was based solely on circumstantial evidence and that the evidence did not exclude a reasonable hypothesis of innocence since he testified that he did not commit the burglary but simply received the stolen lighter from a friend. This hypothesis of innocence, however, ignores the discovery of the model cars in his bedroom and was undermined by the identification of A.D.'s unique hairstyle and clothes as those worn by one of the burglars and by the identification of his residence as the place to which the burglars escaped. See Huff v. State[7] ("[w]hether circumstances are sufficient . . . to exclude every reasonable hypothesis except that of the defendant's guilt is a question for the [factfinder]") (punctuation omitted).
2. A.D. objected to testimony from a police detective that the detective had spoken to the accomplice, who confessed to the detective that he and A.D. had burglarized the residence. The juvenile court overruled the objection, explaining that statements by a "co-defendant" are an exception to the hearsay rule.
As conceded by the State, the juvenile court was mistaken. This testimony was rank hearsay and not subject to any exception. Indeed, setting aside that the statements were from a nontestifying accomplice, not a co-defendant, we note that incriminatory statements from a co-defendant are not admissible as a matter of constitutional law unless the co-defendant testifies and is subject to cross-examination. See Mason v. State.[8] See generally Bruton v. United States.[9]
Because this was a nonjury trial, we would normally presume that the court was able to "sift the wheat from the chaff" and select only the legal evidence as a basis for its decision. Morris v. Morris.[10] However, this presumption "is a theoretical one, and has no place where it affirmatively appears to the contrary." (Footnote omitted.) McBride v. State.[11] Thus, where "the record clearly indicates that the contrary is true," we will not apply the presumption. Barger v. Barger.[12] See Greene County v. North Shore Resort at Lake Oconee, L.L.C.[13] ("`[w]here evidence is heard by the judge alone and without the intervention of a jury, *559 it will be presumed that the judge considered only legal and admissible evidence, unless the record clearly indicates that the contrary is true'").
Here, the record clearly shows that the juvenile court relied upon this statement from the nontestifying accomplice in reaching its decision. In announcing its findings, the court repeatedly referred to this statement as a basis for finding A.D. participated in the burglary and for adjudicating A.D. delinquent. "[G]iven the court's express reliance on the [accomplice's statement], we cannot apply the principle that judges are presumed to `separate the wheat from the chaff' and to ignore hearsay evidence in making their determinations." In the Interest of C.D.E.[14] See In the Interest of E.C.[15] ("we are unable to make such presumption because it is clear from the juvenile court's order that it premised its ruling, in large part, on hearsay").
Accordingly, we reverse the juvenile court's order of disposition and the underlying order of adjudication.
Judgment reversed.
RUFFIN, C.J., and BERNES, J., concur.
NOTES
[1] In the Interest of T.T., 236 Ga.App. 46(1), 510 S.E.2d 901 (1999).
[2] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[3] In the Interest of T.N., 254 Ga.App. 330, 331, 562 S.E.2d 374 (2002).
[4] OCGA § 16-7-1(a).
[5] Inadmissible hearsay testimony has no probative value. Walker v. State, 281 Ga.App. 94, 99(5), 635 S.E.2d 577 (2006).
[6] Davis v. State, 275 Ga.App. 714, 716(1), 621 S.E.2d 818 (2005).
[7] Huff v. State, 281 Ga.App. 573, 575, 636 S.E.2d 738 (2006).
[8] Mason v. State, 279 Ga. 636, 638(2)(b) n. 3, 619 S.E.2d 621 (2005).
[9] Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).
[10] Morris v. Morris, 282 Ga.App. 127, 133(5), 637 S.E.2d 838 (2006).
[11] McBride v. State, 247 Ga.App. 767, 770(1), 545 S.E.2d 332 (2001).
[12] Barger v. Barger, 238 Ga. 334, 336(9), 232 S.E.2d 567 (1977).
[13] Greene County v. North Shore Resort at Lake Oconee, L.L.C., 238 Ga.App. 236, 240(1), 517 S.E.2d 553 (1999).
[14] In the Interest of C.D.E., 248 Ga.App. 756, 764-765(2), 546 S.E.2d 837 (2001).
[15] In the Interest of E.C., 271 Ga.App. 133, 135(1), 609 S.E.2d 381 (2004).