A08A0075. IN THE INTEREST OF J. L. H., a child.
(656 SE2d 160)

BLACKBURN, Presiding Judge.

Adjudicated delinquent based on evidence of having attempted a rape, minor J. L. H. appeals, challenging the sufficiency of the evidence. We hold that the eyewitness testimony of the victim as well as the corroborating testimony of the victim's sister and of a neighbor sufficed to sustain a finding that J. L. H. was the perpetrator of the attempted rape. Accordingly, we affirm.

Our standard of review in such matters is clear.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.

(Citations, footnotes and punctuation omitted.) *In the Interest of A. D.*[1]

---

[15] *Sprinkles v. State*, 227 Ga. App. 112, 113 (1) (488 SE2d 492) (1997).

[16] *Lawler v. State*, 276 Ga. 229, 234 (4) (e) (576 SE2d 841) (2003).

[1] *In the Interest of A. D.*, 282 Ga. App. 586, 587 (1) (639 SE2d 556) (2006).

So construed, the evidence shows that one evening at dusk, a male wearing a black shirt and blue shorts attacked a hearing-impaired victim behind her house and attempted to rape her by pulling her pants down and climbing on top of her. During the incident, the victim's sisters returned home and, hearing the victim's outcry, went behind the house and interrupted the assault. The male fled, only to be chased by one of the sisters who called 911 as she followed him. A neighbor witnessed the chase and immediately recognized the fleeing male as J. L. H., whom he knew from riding the school bus frequently with him and whom he had seen approaching the area only minutes earlier dressed in a black shirt and blue shorts. J. L. H. escaped but was later apprehended by police based on the neighbor's identification. At trial, the victim positively identified J. L. H. as the attacker. Based on the evidence, the juvenile court found beyond reasonable doubt that J. L. H. had committed the charged crime of attempted rape and adjudicated him delinquent.

Pointing to the poor lighting conditions, to his alibi witnesses who placed him elsewhere during the attack, to the neighbor's unfamiliarity with him, and to the victim's equivocal, inconsistent, and at times contradictory testimony about identifying him as the attacker, J. L. H. challenges the sufficiency of the evidence. However, such matters were for the juvenile court to decide. As stated in *Anderson v. State*:[2]

> The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the [trier of fact] resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

See *Simmons v. State*.[3] This includes any difficulties in communicating that a witness may present because of her hearing-impaired status. See *Clark v. State*.[4]

Because "[t]he testimony of a single witness is generally sufficient to establish a fact," OCGA § 24-4-8, the victim's testimony alone

---

[2] *Anderson v. State*, 237 Ga. App. 595, 596 (3) (516 SE2d 315) (1999).

[3] *Simmons v. State*, 285 Ga. App. 129, 130-131 (645 SE2d 622) (2007).

[4] *Clark v. State*, 271 Ga. 6, 12 (7) (a) (515 SE2d 155) (1999).

would have sufficed to sustain the identification of J. L. H. as the attacker; however, here we also have the neighbor corroborating that identification of J. L. H. as the male whom the sister (who had just witnessed the attack) was chasing. Accordingly, we affirm the juvenile court's adjudication of delinquency.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED DECEMBER 14, 2007.

*Douglas N. Fox*, for appellant.
*Lee Darragh, District Attorney*, for appellee.