656 S.E.2d 855 (2008)
In the Interest of B.M., a child.
No. A08A0165.
Court of Appeals of Georgia.
January 16, 2008.
*856 Earle J. Duncan III, for appellant.
Tom Durden, District Attorney, for appellee.
BLACKBURN, Presiding Judge.
Adjudicated delinquent based on evidence of having participated in a mugging of three victims that involved kidnapping and robbery, minor B.M. appeals, challenging the sufficiency of the evidence. We hold that the testimony of one victim that B.M. hit that victim while the other two victims were simultaneously attacked by companions of B.M. sufficed to sustain a finding that B.M. was a party to the crimes involving the other two victims, particularly considering B.M.'s conduct before, during, and after the crimes. Accordingly, we affirm.
Our standard of review in such matters is clear.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.
(Citation, punctuation and footnotes omitted.) In the Interest of AD.[1]
So construed, the evidence shows that late one night, a car filled with five young males (including B.M.) blocked in three victims, whom B.M. and his companions then approached. Brandishing a gun, one companion told the victims within earshot of B.M. that B.M. and the other companions were undercover police officers, which B.M. did not deny. The five males then attacked the three victims, with B.M. striking one victim in the face, another severely beating and robbing a second victim, and a third holding the gun to the head of the third victim and forcing him to the car, all the while threatening (within earshot of B.M.) to kill this third victim and his family if he disclosed the attack. B.M. and the other companions joined the gunman with the kidnap victim in the car and drove away together. B.M. made no effort to protest the actions of any of his companions. The kidnap victim escaped at a stop sign.
Based on this evidence, the juvenile court found beyond a reasonable doubt that B.M. was a party to the crimes of kidnapping, impersonating an officer, robbery, terroristic threats, and simple battery and therefore adjudicated him delinquent. On appeal, B.M. claims that because the evidence showed he only struck the first victim, no evidence showed he was a party to the crimes involving the other two victims. We disagree and affirm.
Under subparagraphs (3) and (4) of OCGA § 16-2-20(b), a person is a party to a crime if he intentionally aids or abets in the commission of the crime or intentionally advises or encourages another to commit the crime. "VI the individual is present and assists in the commission of the crime or shares in the criminal intent of the actual perpetrator of the crime, the individual may be convicted as a party to the crime." Joyner v. State.[2] "[C]riminal intent may be inferred from conduct before, during, and *857 after the commission of the crime." (Punctuation omitted.) Id. Also, "[w]hether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct before, during, and after the crime." (Punctuation omitted.) Conway v. State.[3]
Here, B.M. accompanied his companions in the car, jumped out of the car when it blocked the three victims in, struck one of the three victims in the face while his companions robbed and kidnapped the other two, and returned to and rode in the vehicle in which the third victim was now held against his will. B.M. made no protest or denial when one companion initially announced they were all police officers and when that gun-bearing companion later threatened to kill the third victim's family if the attack were disclosed. In light of his companionship and conduct before, during, and after the crimes, B.M.'s overt participation in this overall attack on the three victims sufficed to sustain the judgment that he was a party to the crimes involving all three victims. See In the Interest of N.L.G.[4] See also Cox v. States[5] ("he is criminally responsible for the injuries inflicted by all parties to the crime even if he personally delivered only one blow"). B.M.'s argument that he had to personally participate in striking or otherwise attacking each of the victims is without merit. See Taylor v. States[6] (in concerted attack, defendant only struck two victims, while his companion stabbed a third; defendant criminally liable as a party to the stabbing).
Judgment affirmed.
MILLER and ELLINGTON, JJ., concur.
NOTES
[1] In the Interest of A.D., 282 Ga.App. 586, 587(1), 639 S.E.2d 556 (2006).
[2] Joyner v. State, 280 Ga. 37, 39(1), 622 S.E.2d 319 (2005).
[3] Conway v. State, 281 Ga. 685, 687(1), 642 S.E.2d 673 (2007).
[4] In the Interest of N.L.G., 267 Ga.App. 428, 430(1), 600 S.E.2d 401 (2004).
[5] Cox v. State, 242 Ga.App. 334, 337(4), 528 S.E.2d 871 (2000).
[6] Taylor v. State, 226 Ga.App. 339, 340-341(2), 486 S.E.2d 601 (1997).