### A09A0462. IN THE INTEREST OF J. S., a child.

(673 SE2d 645)

BLACKBURN, Presiding Judge.

Following a bench trial in juvenile court, J. S. was adjudicated delinquent after the court found that he had committed acts which, had he been an adult, would have supported convictions for attempt to commit burglary,[1] criminal damage to property in the second degree,[2] theft by taking of personal property,[3] and theft by taking of a motor vehicle.[4] He appeals, contending that the evidence was insufficient to support the adjudication of delinquency and further arguing that the delinquency petition contained several fatal variances from the evidence adduced at trial. For the reasons set forth below, we affirm in part, vacate in part, and remand for adjudication and disposition consistent with this opinion.

1. The standard of review for adjudications of juvenile delinquency is clear.

> In considering a challenge to the sufficiency of the evidence
> supporting an adjudication of delinquency, we construe the
> evidence and every inference from the evidence in favor of
> the juvenile court's adjudication to determine if a reason-

---

[1] OCGA §§ 16-4-1; 16-7-1 (a).
[2] OCGA § 16-7-23 (a) (1).
[3] OCGA § 16-8-2.
[4] OCGA § 16-8-2.

able finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.

(Punctuation omitted.) *In the Interest of A. D.*[5] See generally *Jackson v. Virginia*.[6] "Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case." (Punctuation omitted.) *In the Interest of T. T.*[7] "In reviewing such cases, we do not weigh the evidence or determine witness credibility." *In the Interest of A. D.*, supra, 282 Ga. App. at 587 (1). See *In the Interest of T. N.*[8]

So viewed, the record shows that upon returning home from work one evening, Patricia Alcala found that her bedroom door, which she always kept locked while away, had been kicked open and that numerous personal items, including jewelry and small collectible liquor bottles, had been stolen. Based on an argument she had had the previous day with her son and some of his friends, including J. S., Alcala suspected that her son and his friends had stolen the items from her bedroom. Consequently, she called the police to report the theft and her suspicion that her son and his friends were responsible.

At approximately the same time that Alcala was reporting the theft of her property, the police received a 911 call from nine-year-old O. C., who lived only a few houses up the street from Alcala. O. C. had been home alone waiting for his older brother to arrive when he heard a loud banging, as if someone was trying to knock down his door, and saw at least two young males outside his house. A minute or so later, O. C. heard a loud crash as a rock was thrown through a back window. He then called 911 to report that someone was trying to break into his house. When the police arrived shortly thereafter, the suspects were gone, but O. C. described one of them as African-American and another as Hispanic and also provided the police with a description of what the suspects were wearing. He further informed the police that during the incident, he had seen a red automobile, which he did not recognize, parked in his driveway.

While O. C. and Alcala were still being interviewed, another officer reported that he had spotted three young males, who matched the descriptions provided by Alcala and O. C., just down the street from where the incidents had occurred and that they had fled into some woods as he approached them. A short time later, two of the young males (Alcala's son, who is Hispanic, and J. S., who is

---

[5] *In the Interest of A. D.*, 282 Ga. App. 586, 587 (1) (639 SE2d 556) (2006).

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[7] *In the Interest of T. T.*, 282 Ga. App. 527, 528 (639 SE2d 538) (2006).

[8] *In the Interest of T. N.*, 254 Ga. App. 330, 331 (562 SE2d 374) (2002).

African-American) were apprehended.[9] Both juveniles were searched, at which time the police found several pieces of Alcala's jewelry in J. S.'s pockets. In addition, the police also located a red Ford Taurus, which O. C. later identified as the vehicle he had seen in his driveway during the attempted burglary, parked down the street from where the incidents had occurred. After running the vehicle's license tag, the police determined that it matched that of a red Ford Taurus that had been reported stolen by its owner a few days earlier. Upon searching the vehicle, the police found more of Alcala's stolen jewelry, as well as some clothes and other items that Alcala had seen in the possession of her son and his friends, including J. S., the previous night.

A complaint and a delinquency petition were filed in juvenile court, charging J. S. with criminal attempt to commit a burglary of the home of Gloria Castro (O. C.'s mother), criminal damage to property in the second degree by throwing a rock through Castro's window, burglary of Alcala's house, theft by taking of Alcala's jewelry and other property, theft by taking of a motor vehicle (the red Ford Taurus), and misdemeanor obstruction of an officer. At J. S.'s bench trial, the victims and the investigating officers testified regarding the events leading up to his arrest. In addition, Alcala's son, who pled guilty to several of the crimes for which J. S. was also charged, testified that J. S. was with him in his home at the time he stole his mother's jewelry and when he attempted to break into Castro's home. After the trial, the juvenile court dismissed the burglary and obstruction charges but found that J. S. had committed attempted burglary, criminal damage to property in the second degree, theft by taking of Alcala's jewelry and other property, and theft by taking of a motor vehicle. As a result, the juvenile court adjudicated him delinquent and recommended long-term commitment to a youth detention center. This appeal followed.

2. J. S. contends that the evidence was insufficient to support the findings that he committed the acts for which he was adjudicated delinquent, arguing that the juvenile court's findings were improperly based on circumstantial evidence and that the State failed to prove venue. We first address the issue of venue and conclude that J. S.'s argument is without merit. At trial one of the investigating officers testified that all of the acts alleged in the delinquency petition occurred in Cobb County. Such testimony was sufficient to prove venue beyond a reasonable doubt. See *Green v. State*.[10] We now

---

[9] The third young male turned himself in to the police later that day.

[10] *Green v. State*, 254 Ga. App. 549, 550 (562 SE2d 835) (2002).

consider, in turn, each of those acts for which J. S. was adjudicated delinquent.

(a) *Attempt to commit burglary.* "A person commits the offense of burglary when, without authority and with intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Additionally, "[t]o warrant a conviction on circumstantial evidence, the proved facts need only exclude reasonable hypotheses — not bare possibilities that the crime could have been committed by someone else." *In the Interest of M. C. A.*[11] "Questions of reasonableness are reserved for the factfinder, and we will not disturb its finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the adjudication is unsupportable as a matter of law." Id. at 772 (2).

In this matter, O. C. testified that a couple of young males, including a person matching J. S.'s description, were banging loudly on his door and then threw a rock through his back window in an attempt to break into his home. J. S. argues that O. C.'s testimony was contradictory in that although his description of one of the young males fit J. S., he testified that he did not specifically see J. S., whom he knew, with the perpetrators. However,

> [t]he weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for [this Court] to determine or question how the [trier of fact] resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

(Punctuation omitted.) *In the Interest of J. L. H.*[12]

In addition, Alcala's son, who pled guilty to the attempted burglary, testified that J. S. was with him when he and a third friend tried to break into Castro's home in order to steal some property

---

[11] *In the Interest of M. C. A.*, 263 Ga. App. 770, 771-772 (2) (589 SE2d 331) (2003).

[12] *In the Interest of J. L. H.*, 289 Ga. App. 30, 31 (656 SE2d 160) (2007).

belonging to O. C.'s older brother. "While mere presence at the scene of a crime is not sufficient evidence to convict one of being a party to a crime, criminal intent may be inferred from presence, companionship, and conduct before, during and after the offense." (Punctuation omitted.) *Armour v. State*.[13] Here, J. S. was not only at the scene of the crime, he also matched the description of the person O. C. saw approach the door just before the loud banging started. Furthermore, the act of throwing a rock through Castro's window constituted a substantial step toward the commission of burglary. See *Flanagan v. State*.[14] Thus, the evidence was sufficient to allow the juvenile court to find that J. S. participated in the offense of attempted burglary. See id. at 125-126 (2), (3).

(b) *Criminal damage to property in the second degree*. J. S. contends that the State failed to offer sufficient evidence to support the juvenile court's finding that he committed the act of criminal damage to property in the second degree. Specifically, he argues that the State failed to prove that he participated in throwing a rock through Castro's window and that it failed to prove that the damage to the window exceeded $500.

OCGA § 16-7-23 (a) (1) provides: "A person commits the offense of criminal damage to property in the second degree when he [i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00. . . ." The State concedes, and we agree, that it failed to provide any evidence regarding the value of the broken window. Thus, the juvenile court erred in finding that J. S. committed criminal damage to property in the second degree. See *In the Interest of J. T.*[15] However, given our holding in Division 1 (a) that the juvenile court did not err in finding that J. S. participated in the act of breaking Castro's window in an attempt to burglarize her house, the evidence is sufficient to support an adjudication of delinquency for committing an act which would support a conviction for the offense of criminal trespass to property as a lesser included offense of criminal damage to property in the second degree. See id. at 466 (2); *In the Interest of A. F.*[16]

Under OCGA § 16-7-21 (a), "[a] person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less. . . ." Here, the evidence showed that a rock was thrown through a back window of Castro's house. Thus, the

---

[13] *Armour v. State*, 292 Ga. App. 111, 113 (1) (663 SE2d 367) (2008).
[14] *Flanagan v. State*, 265 Ga. App. 122, 125-126 (2) (592 SE2d 894) (2004).
[15] *In the Interest of J. T.*, 285 Ga. App. 465, 466 (1) (646 SE2d 523) (2007).
[16] *In the Interest of A. F.*, 236 Ga. App. 60, 61 (2) (510 SE2d 910) (1999).

factfinder would have been authorized to draw from his or her own experience in forming an estimate as to the damage. See *In the Interest of J. T.*, supra, 285 Ga. App. at 466 (2). Accordingly, "we remand this case with direction that an adjudication of delinquency and a disposition thereof be entered for committing an act which would have supported a conviction for the offense of criminal trespass to property were [J. S.] an adult." Id. "This result does not violate [J. S.]'s due process right to be notified of the charges against him since a defendant is on notice of all lesser crimes which are included in the crime charged as a matter of law." Id. at 466-467 (2). See *In the Interest of A. F.*, supra, 236 Ga. App. at 61 (2).

(c) *Theft by taking of Alcala's property.* J. S. contends that the evidence was insufficient to support the juvenile court's finding that he committed the act of theft by taking of Alcala's jewelry and other property. We disagree.

"A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property. . . ." OCGA § 16-8-2. "Evidence of recent, unexplained possession of stolen goods is sufficient to support a conviction for theft by taking." (Punctuation omitted.) *Naillon v. State*.[17] Here, one of the investigating officers testified that J. S. had several pieces of Alcala's stolen jewelry in his pockets at the time of his arrest, which was not long after the items were stolen. J. S. counters by arguing that Alcala's son disputed the officer's testimony and that the son further testified that he had stolen his mother's jewelry and other property. However, as we noted in Division 1 (a), the weight and credibility to be given to witnesses' testimony are questions for the triers of fact, and any conflicts in witnesses' testimony will not be resolved by this Court. *In the Interest of J. L. H.*, supra, 289 Ga. App. at 31. Accordingly, the circumstantial evidence was sufficient to support the juvenile court's finding that J. S. committed the act of theft by taking Alcala's jewelry. See *In the Interest of T. T.*, supra, 282 Ga. App. at 528-529.

Nevertheless, J. S. further argues that the evidence was insufficient because the State failed to provide evidence that the value of the stolen jewelry was more than $500. The State again acknowledges, and we agree, that it did not provide evidence as to the value of Alcala's stolen property. Regardless, the State was not required to prove that the jewelry had a value in excess of $500 to support a conviction for the act of theft by taking; rather, the evidence is relevant only to whether the offense is to be punished as a misde-

---

[17] *Naillon v. State*, 276 Ga. App. 799 (1) (625 SE2d 73) (2005).

meanor or a felony. *DuCom v. State*.[18] A person convicted of theft by taking is punished as for a misdemeanor unless the value of the stolen property exceeded $500 in value. OCGA § 16-8-12 (a) (1).

Here, the evidence was sufficient to support a finding that J. S. committed an act of theft by taking, but because the State failed to offer evidence as to the stolen property's value, the juvenile court erred in finding that he committed an act of felony theft by taking. See *DuCom*, supra, 288 Ga. App. at 562 (3). Thus, on remand, we direct that an adjudication of delinquency and a disposition thereof be entered against J. S. for committing an act which would have supported a conviction for the offense of misdemeanor theft by taking. See *Stinson v. State*.[19]

(d) *Theft by taking of a motor vehicle.* J. S. also challenges the sufficiency of the circumstantial evidence supporting the juvenile court's finding that he committed the act of theft by taking of a motor vehicle, arguing that the proved facts did not exclude reasonable hypotheses that the theft could have been committed by someone else. We disagree.

In this matter, O. C. testified that a young male matching J. S.'s description attempted to break into his house and that during the attempted burglary, a red automobile, which he did not recognize, was parked in his driveway. However, by the time the police arrived, the suspects and the vehicle were gone. The evidence also showed that the police found this vehicle, which they determined had been stolen a couple of days earlier, just down the street from O. C.'s house and that J. S. and his friends were seen nearby before fleeing from the police. Furthermore, in searching the stolen motor vehicle, the police found items that Alcala had seen in the possession of her son and his friends the previous night and also found some of Alcala's stolen jewelry, more of which was found in J. S.'s pockets after he was arrested.

As previously noted, the question of whether circumstantial evidence excludes reasonable hypotheses that the crime could have been committed by someone other than the defendant is a question to be resolved by the trier of fact. See *In the Interest of M. C. A.*, supra, 263 Ga. App. at 771-772 (2). Here, the circumstantial evidence was sufficient to show that J. S. was at least a party to the theft by taking of the motor vehicle. See *In the Interest of S. D. T. E.*[20] (evidence that vehicles in parking lot had recently been moved and that juvenile and friends, who were identified by their clothing, were

---

[18] *DuCom v. State*, 288 Ga. App. 555, 561 (3) (654 SE2d 670) (2007).

[19] *Stinson v. State*, 294 Ga. App. 184, 186-187 (2) (668 SE2d 840) (2008).

[20] *In the Interest of S. D. T. E.*, 268 Ga. App. 685, 687 (1) (603 SE2d 316) (2004).

at the scene and discussing the stealing of cars was sufficient to support an adjudication of delinquency for motor vehicle theft); *In the Interest of D. J. E.*[21] (juvenile's fingerprints on vehicle parts found in an area adjoining lot from which vehicles were stolen and fact that juvenile was found in woods close to where one of the stolen vehicles was abandoned was sufficient to support an adjudication of delinquency for motor vehicle theft).

3. J. S. further contends that the juvenile court's adjudication of delinquency should be reversed because the delinquency petition contained several fatal variances from the evidence adduced at trial. However, the record demonstrates that J. S. failed to raise the fatal variance issue with the juvenile court at any time, and thus the issue is waived. *Webb v. State.*[22]

In summary, we hold that the evidence was sufficient to support the juvenile court's findings that J. S. committed acts which would have supported convictions for attempt to commit burglary and theft by taking of a motor vehicle. We vacate the juvenile court's finding that J. S. committed an act which would have supported a conviction for felony theft by taking of Alcala's jewelry and other property but hold that the evidence was sufficient to support a finding that J. S. committed an act of misdemeanor theft by taking. We also vacate the juvenile court's finding that J. S. committed an act which would have supported a conviction for criminal damage to property in the second degree but hold that the evidence was sufficient to support a finding that he committed the lesser included offense of criminal trespass. Accordingly, we remand this case with direction that an adjudication of delinquency and a disposition thereof be entered against J. S. for committing acts which would have supported convictions for the offenses of misdemeanor theft by taking and criminal trespass to property were he an adult.

*Judgment affirmed in part and vacated in part, and case remanded. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 17, 2009.

*Jamie L. Smith, Kevin J. Rodgers*, for appellant.
*Patrick H. Head, District Attorney, Carrie T. Harris, Assistant District Attorney*, for appellee.

---

[21] *In the Interest of D. J. E.*, 266 Ga. App. 807, 810 (1) (598 SE2d 108) (2004).
[22] *Webb v. State*, 277 Ga. App. 355, 359 (2) (626 SE2d 545) (2006).