A09A1605. IN THE INTEREST OF B. L. L., a child.
(684 SE2d 352)

MIKELL, Judge.

Adjudicated delinquent based on evidence of having participated in a robbery by sudden snatching, minor B. L. L. appeals, challenging the sufficiency of the evidence. We affirm.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that

---

for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.[1]

So construed, the evidence shows that Marietta Poole's purse was snatched on November 2, 2008. Poole testified that she had just exited her car with her purse strap wrapped around her wrist when B. L. L. grabbed her purse. Poole recalled that she fought with B. L. L. momentarily but that he was able to take the purse then pass it to two young men who were sitting on a nearby bench, both of whom then ran away from the area. Poole further testified that B. L. L. remained in the area and was detained by a witness until the police arrived. On cross-examination, Poole explained that she had several opportunities to observe B. L. L. She looked at him during the time that she struggled with him for her purse; while he remained in the area before the police arrived; and when he was placed into the officer's patrol car.

William Boyette, who was in the area when the incident occurred, testified that he did not witness the incident but detained B. L. L. after he was told that B. L. L. stole the victim's purse. Officer Carroll Wilson responded to the scene and was notified upon arrival that Boyette had B. L. L. in his custody. Wilson testified that after he placed B. L. L. in his patrol car, Poole identified him as the person who snatched her purse and told Wilson that B. L. L. gave the purse to two other boys who ran away.

At trial, Jonathan Pierre testified that he was the person who snatched the purse and that B. L. L. neither touched the purse nor had knowledge that Pierre planned to rob Poole. At the conclusion of the evidence, the trial judge concluded that B. L. L. was guilty of robbery by sudden snatching,[2] sentenced him as a designated felon under a five-year order, with two years of restrictive custody and restitution, and ordered that he pay restitution in the amount of $233.95.

Pursuant to OCGA § 16-8-40 (a) (3), "[a] person commits the offense of robbery, when, with intent to commit theft, he takes property of another from the person . . . [b]y sudden snatching." Poole testified that B. L. L. snatched her purse and passed it to two individuals, who fled the scene. As "the testimony of a sole eyewitness is sufficient to support a conviction,"[3] Poole's testimony sufficiently supported B. L. L.'s adjudication of delinquency.

---

[1] (Citation and footnote omitted.) *In the Interest of J. L. H.*, 289 Ga. App. 30 (656 SE2d 160) (2007). Accord *In the Interest of B. M.*, 289 Ga. App. 214 (656 SE2d 855) (2008).

[2] The trial judge also concluded that B. L. L. was guilty of theft by receiving stolen property in connection with a subsequent incident, but B. L. L. is not challenging that adjudication on appeal.

[3] (Footnote omitted.) *Scott v. State*, 288 Ga. App. 738, 739 (1) (a) (655 SE2d 326) (2007). See also OCGA § 24-4-8.

Even though Pierre testified that he committed the robbery, his testimony did not demand B. L. L.'s acquittal.

> The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the [trier of fact] resolved any apparent conflicts or uncertainties in the evidence.[4]

Rather, "on appeal, we indulge every contingency in favor of the verdict."[5] Therefore, in light of Poole's testimony, we affirm the juvenile court's adjudication of delinquency.[6]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 24, 2009.

*Talethia R. Weekley*, for appellant.
*Richard E. Currie, District Attorney, Victoria K. Cannizzo, Assistant District Attorney*, for appellee.

---

[4] (Punctuation and footnote omitted.) *Green v. State*, 293 Ga. App. 752, 754 (1) (667 SE2d 921) (2008). See also *In the Interest of J. S.*, 296 Ga. App. 144, 147 (2) (a) (673 SE2d 645) (2009).

[5] (Citation and footnote omitted.) *In the Interest of J. S.*, supra.

[6] In support of its position that the evidence sufficiently supported B. L. L.'s adjudication, the state refers us to a supplemental transcript of a hearing that occurred after B. L. L.'s hearing. The transcript shows that Pierre testified that he lied at B. L. L.'s trial in an attempt to help B. L. L. Because that evidence was not before the trial judge when B. L. L. was adjudicated delinquent, however, it has no bearing on our result. Instead, the evidence presented, as discussed in our opinion, sufficiently supported the juvenile court's decision.