A09A2374. IN THE INTEREST OF G. L. B., a child.
(688 SE2d 400)

BLACKBURN, Presiding Judge.
Following an adjudication of delinquency on two charges, G. L. B. appeals, challenging only the sufficiency of the evidence as to

the charge that alleged he threatened a person to hinder that person from communicating a criminal offense to a law enforcement officer.[1] Because no evidence in the record reflects any threat to hinder any communications whatsoever, let alone communications of a crime to a law enforcement officer, we must reverse.

The standard of review is clear.

> When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.

(Citation omitted.) *In the Interest of D. T.*[2] See *In the Interest of A. A.*[3]

So construed, the evidence (which consisted only of the testimony of the victim) shows that a few weeks following an earlier altercation with a fellow middle school student on the school bus, G. L. B. confronted that same student in the hallway at school, grabbing his shoulder, ripping his jacket, and reminding the student, "Remember, I'm still going to kill [you and] your family." The State petitioned the juvenile court for an adjudication of delinquency, charging that G. L. B. had violated three criminal statutes: (i) terroristic threats[4] (threatening to beat and kill the student); (ii) simple battery[5] (grabbing and pushing the student); and (iii) influencing a witness[6] (using threats against the student with the intent to prevent his communicating the simple battery crime to Robby Walker, a law enforcement officer). The juvenile court found insufficient evidence to sustain the charge of terroristic threats but found G. L. B. had committed the other two crimes. An adjudication of delinquency and resulting disposition were entered.

G. L. B. does not contest the finding on the charge of simple battery but challenges only the court's finding that evidence showed he improperly influenced a witness in violation of OCGA § 16-10-93 (b) (1) (C). That statute provides in pertinent part: "It shall be unlawful for any person knowingly to use intimidation, physical force, or threats . . . toward another person with intent to . . . [h]inder, delay, or prevent the communication to a law enforcement

---

[1] See OCGA § 16-10-93 (b) (1) (C).
[2] *In the Interest of D. T.*, 294 Ga. App. 486, 486 (1) (669 SE2d 471) (2008).
[3] *In the Interest of A. A.*, 293 Ga. App. 827, 828 (668 SE2d 323) (2008).
[4] OCGA § 16-11-37 (a).
[5] OCGA § 16-5-23 (a) (1).
[6] OCGA § 16-10-93 (b) (1) (C).

officer . . . of this state of information relating to the commission or possible commission of a criminal offense. . . .''

We agree with G. L. B. that nothing in the transcript reflects any threat designed or intended to prevent the communication of any information whatsoever, whether to a law enforcement officer or otherwise, let alone to the specific law enforcement officer identified in the petition (Robby Walker). The only threat identified by the victim — "Remember, I'm still going to kill [you and] your family" — was accompanied by no indication that this threat related or was tied to any possible communication to a law enforcement officer of a crime, nor did the victim indicate that he so understood the threat. Accordingly, the essential elements of this crime were not shown by any evidence of record.

For this reason, we must reverse the adjudication of delinquency as to the charge of influencing a witness under OCGA § 16-10-93 (b) (1) (C) and remand the case to the juvenile court to render a disposition on the charge of simple battery alone. Cf. *In the Interest of J. S.*[7]

*Judgment reversed as to adjudication of delinquency on charge of influencing witness, disposition vacated, and case remanded for new disposition. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 14, 2009.

*Alice A. Button*, for appellant.
*Fredric D. Bright, District Attorney, Joseph M. McKinnon, Assistant District Attorney*, for appellee.

---

[7] *In the Interest of J. S.*, 296 Ga. App. 144, 151 (3) (673 SE2d 645) (2009).