703 S.E.2d 407 (2010)
In the Interest of C.H., a child (two cases).
Nos. A10A1545, A10A1546.
Court of Appeals of Georgia.
November 17, 2010.
*408 Jared Luther Roberts, for appellant.
Richard E. Currie, Dist. Atty., Katherine L. Peters, Asst. Dist. Atty., for appellee.
SMITH, Presiding Judge.
In these cases consolidated for purposes of appeal, 15-year-old C.H. appeals from an order of the juvenile court finding him delinquent and unruly. For the following reasons, we affirm in Case No. A10A1545, and reverse in Case No. A10A1546.

Case No. A10A1545
Construed in the light most favorable to the juvenile court's findings, the evidence reveals that on July 29, 2009, the owner of a rental home was doing a "walk-through" of the home after dispossessing his tenant, Larry Wilson. He noted that the home was in "very good shape" with only "one door that was off the hinges." He received a phone call the next day from Wilson who informed him that there had been some damage to the property. When the property owner arrived, he discovered extensive damage to the home. He stated that "[t]hey had busted out 35 pieces of sheetrock, 17 doors was kicked in, busted and one window broke." The owner paid approximately $4,000 to repair the damage.
Wilson testified that on July 30, 2009, he took four or five juveniles, including C.H., to the home to help him move out his furniture. He gave the juveniles the keys to the home and then went to his mother's home nearby to eat dinner. When Wilson returned 20 minutes later, he discovered that the home had been damaged and the front door had been kicked in. The juveniles told Wilson that "somebody broke in and done some damage to the house."
C.H. gave a statement to police. He first claimed that he had not been in the home, but then admitted that he was in the home moving furniture. He stated that he and the other juveniles "kicked and pushed on the door," and that some of the furniture hit the walls causing damage. Based on the evidence presented, the trial court adjudicated C.H. delinquent for committing the act of criminal damage to property in the second degree.
1. C.H. first argues that the court erred in denying his motion to dismiss the petition. He contends that because the adjudicatory *409 hearing was not held within ten days of the filing of the petition pursuant to OCGA § 15-11-39, the court should have dismissed the petition without prejudice. OCGA § 15-11-39(a) provides that "[a]fter the petition has been filed the court shall set a hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition." In the Interest of C.R., 292 Ga.App. 346, 353-354(6), 665 S.E.2d 39 (2008).
The record reveals that the petition was filed on August 13, 2009, and that a detention hearing commenced on August 20, but at the beginning of that hearing, the State requested a continuance so that service could be made on C.H.'s co-defendant. The trial court granted the motion for a continuance and the hearing was subsequently held on August 28, 2009. "Therefore, the hearing was set and held within ten days of the filing of the petition although it was then continued, an action that was within the trial court's discretion." (Citation omitted.) In the Interest of C.R., supra, 292 Ga.App. at 354(6), 665 S.E.2d 39; see In the Interest of E.S., 262 Ga.App. 768, 769(1)(a), 586 S.E.2d 691 (2003) (although adjudicatory hearing must be set within ten days, there is no requirement that hearing actually be held on that date). This enumeration is therefore without merit.
2. C.H. contends that the court erred in admitting his statement to police because the statement was not made knowingly and voluntarily. "This court has held that the issue to be considered is whether there was a knowing and intelligent waiver by the juvenile of his constitutional rights in making the incriminating statements. In determining this issue nine factors are to be considered." (Citations and punctuation omitted.) State v. McBride, 261 Ga. 60, 63(2)(b), 401 S.E.2d 484 (1991). These factors are:
(1) age of the accused; (2) education of the accused; (3) knowledge of the accused as to both the substance of the charge ... and the nature of his rights to consult with an attorney and remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was interrogated before or after formal charges had been filed; (6) methods used in interrogation; (7) length of interrogations; (8) whether vel non the accused refused to voluntarily give statements on prior occasions; and (9) whether the accused has repudiated an extra judicial statement at a later date.
(Citation omitted.) Williams v. State, 238 Ga. 298, 302(1), 232 S.E.2d 535 (1977).
The record here reveals that C.H. was 14 years old when he gave his statement to police. Our courts have approved statements obtained from juveniles of this age. See Marshall v. State, 248 Ga. 227, 229(3), 282 S.E.2d 301 (1981). The record also reveals that C.H. had an eighth grade education and could read and write; he was informed of his constitutional rights under Miranda and signed a waiver form; he told the officer that he understood his rights; the officer told C.H. that he wanted "to talk to him about some damage that had been done" at the home; C.H.'s mother was present during the questioning; C.H. was questioned prior to the filing of charges against him; the officer did not "yell or scream" at C.H. during questioning; the questioning lasted less than one hour; and there is no indication that C.H. refused to give a statement on a prior occasion or that he repudiated any statement he made during questioning.
Under these circumstances, we cannot say that the trial court erred in allowing the admission of C.H.'s statement. See McBride, supra, 261 Ga. at 63-64(2)(b), 401 S.E.2d 484; In the Interest of B.Y., 257 Ga. App. 253, 256-257(3), 570 S.E.2d 689 (2002); see also McKoon v. State, 266 Ga. 149, 150-151(2), 465 S.E.2d 272 (1996) (where juvenile not formally charged when he gave statement).
3. Finally, C.H. contends that the evidence was insufficient to find him delinquent.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication *410 to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.
(Citation, punctuation and footnote omitted.) In the Interest of J.L.H., 289 Ga.App. 30, 656 S.E.2d 160 (2007).
Under OCGA § 16-7-23(a)(1), "[a] person commits the offense of criminal damage to property in the second degree when he ... [i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00." "While mere presence at the scene of a crime is not sufficient evidence to convict one of being a party to a crime, criminal intent may be inferred from presence, companionship, and conduct before, during and after the offense." (Citation and footnote omitted.) In the Interest of J.S., 296 Ga.App. 144, 148(2)(a), 673 S.E.2d 645 (2009). Moreover, "to warrant a conviction on circumstantial evidence, the proved facts need only exclude reasonable hypothesesnot bare possibilities that the crime could have been committed by someone else." (Citation, punctuation and footnote omitted.) Id. at 147(2)(a), 673 S.E.2d 645.
The evidence presented here, including the extent of the damage and C.H.'s admission that they "all kicked and pushed on the door to open the door up," was sufficient to sustain C.H.'s adjudication based on the act of criminal damage to property. In the Interest of J.S., supra 296 Ga.App. at 147-148(2)(a), (b), 673 S.E.2d 645.

Case No. A10A1546
4. C.H. challenges the juvenile court's order adjudicating him unruly. See OCGA §§ 15-11-67; 15-11-2(12). He contends that the court erred in denying his special demurrer to the petition.
"Due process requires that the juvenile petition must (1) contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) provide data adequate to enable the accused to prepare his defense." (Citation and punctuation omitted.) In the Interest of C.C.C., 188 Ga. App. 849, 851(4), 374 S.E.2d 754 (1988). The petition "must set forth the alleged misconduct with particularity." (Citations omitted.) T.L.T. v. State, 133 Ga.App. 895, 897(1), 212 S.E.2d 650 (1975).
Here, the petition stated "8/06/09: said accused is habitually disobedient of the lawful and reasonable commands of his mother." Although the petition alleged the date C.H. was disobedient, it provided no factual details. The petition merely mirrored the language of OCGA § 15-11-2(12)(B): "`Unruly child' means a child who: ... [i]s habitually disobedient of the reasonable and lawful commands of his or her parent, guardian, or other custodian and is ungovernable."
[A]lthough recitation of the statute may, in certain cases, be a sufficient, though not desirable, method of apprising a defendant of the charges against him, recitation of portions of the statute is not sufficient if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature.
(Citation and punctuation omitted.) Newsome v. State, 296 Ga.App. 490, 492(1), 675 S.E.2d 229 (2009). Reading the petition together with the statute, we hold here that C.H. was unable to determine what acts of disobedience supported the allegation that he was unruly. Because the petition did not allege C.H.'s misconduct with particularity, we must agree that the juvenile court erred in denying C.H.'s special demurrer on this ground. We therefore reverse his adjudication of being an unruly child.
5. In light of our holding in Division 4, we need not address C.H.'s remaining enumerations in Case No. A10A1546.
Judgment affirmed in Case No. A10A1545. Judgment reversed in Case No. A10A1546.
MIKELL and ADAMS, JJ., concur.