**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 26, 2012

# In the Court of Appeals of Georgia

A12A0304. IN THE INTEREST OF M. L., A CHILD

BARNES, Presiding Judge.

M. L. was alleged to be delinquent for violating OCGA § 16-7-61, arson in the second degree, OCGA § 16-5-60 (b), reckless conduct, and OCGA § 15-11-2 (12) (b), unruly child. He was adjudicated delinquent for reckless conduct and unruliness. Following a dispositional hearing, after which M. L. was sentenced to probation, he appeals, contending that the evidence was insufficient to sustain the delinquency adjudication of reckless conduct.

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication

of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *In the Interest of C. H.*, 306 Ga. App. 834, 836-837 (3) (703 SE2d 407) (2010).

So construed, the evidence shows that the owner of the Plantation Townhomes discovered M. L. in the rear of the town home where M. L. lived with his father, stepmother and four other children. M. L. had "built a fire on top of what had been a pile of leaves," and "mulch a couple of inches thick." The owner shouted at M. L. to put the fire out and to "get away from here." He testified that M. L. went to get water, and that in the meantime he salted the fire and brought it under control. There was a piece of meat lying on the ground, and M. L. told the owner that he had been experimenting. M. L. told him that he did not live in the townhouse complex, and the owner told him to leave and that he would call the police if M. L. returned. The owner further testified that the fire was approximately six feet from the back of the apartment where M. L. lived. The owner later called police, and upon further investigation discovered that M. L. lived in the complex. M. L.'s stepmother's three

children, ages four to four months, and her 13-year-old sister were at home during the time the fire was lit.

A person commits reckless conduct when he

causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b).

M. L. contends that the evidence supporting the reckless conduct adjudication of guilt is insufficient because there is no evidence that anyone was endangered, no evidence that he disregarded a substantial and unjustifiable risk, and no evidence that his actions constituted a gross deviation from the standard of care. We do not agree.

"[T]he crime of reckless conduct is, in essence, an instance of criminal negligence, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another." (Citation and punctuation omitted.) *Riley v. State*, 250 Ga. App. 427, 429 (2) (551 Ga. App. 833) (2001). OCGA § 16-2-1 (b) defines "criminal negligence" as "an act or failure to act which demonstrates a willful,

3

wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby."

Here, the evidence shows that M. L., without supervision, started a fire using twigs, leaves, grass and mulch in close proximity to the town home where his younger siblings were located. The fire was approximately eight inches high before M. L. was discovered and instructed to put out the fire. In starting an open fire under such circumstances, 14-year-old M. L. disregarded a very real risk that the fire could ignite the town house six feet away, and his conduct endangered the lives of the children who were in the town home.

Under these circumstances, the evidence was sufficient to sustain his delinquency adjudication of reckless conduct. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Adams and McFadden, JJ., concur.*