**FIRST DIVISION**
**BARNES, P. J.,**
**McMILLIAN, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2020**

# In the Court of Appeals of Georgia

A18A0615. IN THE INTEREST OF M. F., a child.

REESE, Judge.

M. F. ("the Appellant") appeals from an Order of Disposition and Protective Order of the Juvenile Court of Richmond County. The Appellant was adjudicated delinquent after the court found that he had committed acts which, had he been an adult, would have supported convictions for criminal attempt[1] to commit the felony of entering an automobile.[2] The Appellant challenges the sufficiency of the evidence used to support the court's adjudication of delinquency for criminal attempt to commit a felony. For the reasons set forth infra, we affirm.

---

[1] OCGA § 16-4-1.

[2] OCGA § 16-8-18.

Viewed in the light most favorable to the juvenile court's findings and judgment,[3] the record shows the following facts. The State filed a complaint and a delinquency petition against M. F. in the Juvenile Court of Richmond County. The petition alleged M. F. committed the juvenile, delinquent act of criminal attempt on January 17, 2017. The petition stated that the Appellant with intent to commit the crime of entering an automobile, in violation of OCGA § 16-8-18, "did knowingly and intentionally perform an act which constituted a substantial step toward the commission of said crime, to wit: pulling on the door of a 2015 Dodge Journey[.]"

The juvenile court held a bench trial regarding this matter, during which four people testified, including the Appellant. The first witness, Elmon Davis ("Davis"), testified that he saw the Appellant and the Appellant's friend walking along the street in front of Davis's home. Davis further stated that he saw the Appellant "go down one side of the car, check the door, went down, turned around and came back up." Davis explained that the doors to the car were locked. Davis identified the Appellant as one of the juveniles that attempted to enter his car.

One of Davis's neighbors, Robin Carodine ("Carodine"), had an interaction with the Appellant and his friend. Carodine testified that she was cleaning her house

---

[3] See *In the Interest of R.F.*, 279 Ga. App. 708 (632 SE2d 452) (2006).

when she observed the Appellant and his friend walk past the victim's car "[s]everal times[.]" She confronted the Appellant and his friend, telling them to "step back from the car[.]" After Carodine confronted the Appellant and his friend, the pair told Carodine to "[m]ind [her] own business[,]" which prompted Carodine to ask them to step back from the car again. During her testimony, Carodine identified the Appellant as one of the two people walking around Davis's car.

The Appellant also testified at the bench trial, where he stated that he did not pull on the door handle of the car, but was actually using the reflection of the car's window to fix his hair. The Appellant conceded, however, that Carodine told him and his friend to move away from the car.

The responding officer, a deputy with the Richmond County Sheriff's Office, also testified at trial. The deputy testified and confirmed what the Appellant had initially told him when the deputy responded to the scene, which was consistent with the Appellant's testimony at trial. The deputy further testified that he did not complete forensics on the victim's car nor did he ask for any assistance on retrieving fingerprints.

Based on this evidence, the juvenile court adjudicated the Appellant to be delinquent, finding that the Appellant committed the delinquent act of criminal attempt and placed him on probation for 12 months.

The Appellant filed a notice of appeal and on May 22, 2018, we issued an unpublished order dismissing Appellant's appeal as moot, because Appellant's 12-month probationary sentence had expired on May 11, 2018. The Supreme Court of Georgia reversed this order, holding that the appeal was not moot because "a juvenile who appeals his adjudication of delinquency is not required to show adverse collateral consequences in the record; such consequences will be presumed."[4] The Supreme Court remanded the case for consideration on the merits.[5]

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[6]

---

[4] *In the Interest of M. F.*, 305 Ga. 820, 822 (828 SE2d 350) (2019).

[5] Id.

[6] *In the Interest of B. M.*, 289 Ga. App. 214, 214-215 (656 SE2d 855) (2008); see *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citations and punctuation omitted).

"Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case."[7] With these guiding principles in mind, we now turn to the Appellant's specific claim of error.

The Appellant argues that there was insufficient evidence to support the Court's adjudication of delinquency for criminal attempt to commit a felony. Specifically, the Appellant contends that no rational trier of fact could have concluded that the Appellant pulled on the door handle or had an intent to enter the vehicle, because none of the relevant evidence was competent evidence. Further, the Appellant argues that the Appellee offered a leading question to the victim for clarification during trial and a second witness did not mention the Appellant even touching the car. We disagree.

Under OCGA § 16-8-18, "if any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor." Additionally, "a person commits the offense of criminal attempt when,

---

[7] *In the Interest of T. T.*, 282 Ga. App. 527, 528 (639 SE2d 538) (2006) (citation and punctuation omitted).

with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[8]

> A finder of fact may infer that a person acted with criminal intent after considering the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. In order to support a conviction, such circumstantial evidence does not have to exclude *every* possible hypothesis other than the defendant's guilt, but only *reasonable* hypotheses. Whether a hypothesis is reasonable is a question for the finder of fact, and such finding will not be disturbed on appeal unless the guilty verdict is unsupportable as a matter of law.[9]

Moreover, the testimony of a single witness is generally sufficient to establish a fact, and we do not weigh the evidence or determine witness credibility.[10]

In this case, the State presented circumstantial evidence that the Appellant attempted to enter Davis's vehicle with the intent to commit a theft.[11] Specifically,

---

[8] OCGA § 16-4-1.

[9] *In re G. J.*, 251 Ga. App. 299, 300 (554 SE2d 269) (2001) (citations and punctuation omitted).

[10] See OCGA § 24-14-8; *In the Interest of M. L.*, 316 Ga. App. 413 (729 SE2d 548) (2012) (citation and punctuation omitted).

[11] See *In the Interest of M. C. A.*, 263 Ga. App. 770, 771 (2) (589 SE2d 331) (2003) ("To warrant a conviction on circumstantial evidence, the proved facts need

Davis testified that he observed the Appellant attempting to lift the door handle of his car. In addition to Davis's testimony, there was testimony from Carodine, who testified that during the confrontation, the Appellant and his friend told her to "mind your own business" and called her various names.[12] The deputy testified that the Appellant told him that the Appellant was using the vehicle's reflection to fix his hair, but stated that the Appellant otherwise "[d]id not really answer the questions."

Accordingly, the evidence sufficiently supported the juvenile's court finding that the Appellant committed the offense of criminal attempt to commit the felony of entering an automobile and its adjudication of the Appellant as delinquent.

*Judgment affirmed. Barnes, P. J., and McMillian, P. J., concur.*

---

exclude only reasonable hypotheses—not bare possibilities that the crime could have been committed by someone else." Additionally, "[q]uestions of reasonableness are reserved for the fact finder, and we will not disturb its finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the adjudication of delinquency is unsupportable as a matter of law.").

[12] See *J. E. T. v. State*, 151 Ga. App. 835, 838 (1) (261 SE2d 752) (1979) ("A person is not presumed to act with criminal intention. However, the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted.").